JUNE TERM
1836.

Meechum
v.
Judy a woman of
color.

Opinion of the
court.

---◦✲✲✲◦---

4  361
39a 056
4  361
43a 606
4  361
52a 349

MEECHUM v. JUDY, ALIAS JULIA LOGAN, A WOMAN OF COLOR.

1.  In a suit for freedom against a negro, it is no objection to the introduction of negro testimony, that defendant negro vouches a white man for warranty of title.
2.  In a motion for a new trial, the affidavit of the applicant must allege that the verdict is unjust and that he has merits &c.

Statement of the
case.

Julia brought an action against Meechum for freedom. The defendant pleaded not guilty, and that the plaintiff is his slave: a verdict and judgment were given for the plaintiff Julia. Meechum by his counsel Mr. Drake, moved the court for a new trial. It appears by the bill of exceptions, that Lewis a negro, gave testimony for the petitioner. The defendant made an affidavit shewing that he had purchased the plaintiff as a slave, from one Newton, and had a bill of sale of Newton, with warranty. That Newton was a white man and had been notified by the defendant of the suit and requested to defend the suit, and had employed counsel and in this way was the real defendant, and that the defendant did not know that Lewis would be offered as a witness till it was done on the trial, and that said bond of warranty was not then in his power, so that he was surprised. The affidavit also admits that Meechum the defendant, is a negro. On the ground of supprise, a new trial is asked, and it is argued in this court that Newton is the real defendant, and so the suit is not one where negroes alone are concerned.

J. Spalding, for apppellant.

JUNE TERM
1836.

Meechum
v.
Judy a woman of
color

The only questions that can arise, are on the motion for a new trial; the reason assigned for the new trial was surprise on the counsel of defendant below, by the production and admission of a black witness on behalf of Judy, when Jas. Newton a white man was the substantial defendant, having sold Judy to Meechum with warranty of title, and who although not nominally a party on the record, yet had conducted the defence, and employed Chas. D. Drake, the attorney who acted for Meechum in the court below.

1. Was the evidence of a black person admissible for the plaintiff below?—Rev. code, page 600, sec. 2: new rev. code, 624, sec. 19. are the provisions respecting the admissibility of black witnesses.

2. If the testimony of a black person was not admissible, yet does the latches of the counsel of Meechum in not having the means of showing that Newton was the substantial party, prevent the interference of the court? —3 Taunton, 484, was a case of negligence of attorney, and a new trial granted therefor—2 Stronge, 1259, assessment of damages set aside on the ground of surprise and mistake.

F. W. Risque, for appellee.

Did the circuit err in refusing to grant a new trial?

1. The suit is properly brought, according to the act of the general assembly of the State of Missouri, "to enable persons held in slavery to sue for their freedom."— See statutes of Mo. edi. of 1835, page 286, sec. 9.

2. Lewis the colored witness aforesaid, was competent according to the act of the general assembly of the State of Mo. in relation to witnesses, see same statutes, page 624, sec. 19.

3. The power of the court to grant new trials, being discretionary, they will not exercise it for the purpose of excluding competent testimony.

4. The court will not grant a new trial to let the party into a defence, of which he was apprised at the first trial.—See 2nd vol. of Durnford and East, 118, Vernon v. Hawkey, see also, Jackson ex dem. Malin v. Malin, 15 John. Rep. 293, Williams v. Baldwin, 18 John. Rep. 489, Meyer v. McLean, 1 John. Rep. 509.

Opinion delivered by McGirk, Judge.

The statute says negroes &c. cannot be witnesses, except in pleas of the State where negroes are defendants, Opinion of the court

JUNE TERM
1836.

Meechum
v.
Judy a woman of
color.

In a suit for free-
dom against a ne-
gro it is no objec-
tion to the intro-
duction of negro
testimony that
defendant negro
vouches a white
man for warranty
of title.

and in other cases when negroes alone are parties to the suit.

The counsel insists, that as Newton is the real defendant, the case is not one where negroes alone are concerned, and that the court ought to look to the real parties, in interest, to determine whether negroes can give testimony; that the court must look beyond the letter of the statute into its spirit; that by the spirit of this statute, this witness could not give testimony against a white man, yet he has been allowed to do so; if a new trial should not be allowed, we think the bare statement of the proposition furnihes a perfect answer.

Here a negro sues another for freedom, the defendant negro vouches a white man, for warranty of title, and then demands that no negro shall give testimony in the cause, because all the parties are not negroes. Now suppose the case had been that Meechum had sold the negro in question to Newton with like warranty of title, and Newton had been sued for freedom, then if the plaintiff could show that Meechum was the real plaintiff, she by the above rule, would be entitled to have negroes heard to make out her case; this statement shews the unsoundness of the doctrine contended for.

In a motion for a
new trial, the af-
fidavit of the ap-
plicant must al-
lege that the ver-
dict is unjust and
that he has merits
&c.

This man Newton, cannot be heard to object against testimony to demand a new trial &c. It was his folly to sell a supposed slave to a negro who was under some disability. Another thing in this case is, the affidavit nowhere alleges that the verdict is unjust, nor that the defendant nor Newton, have any merits of any kind; and the rule is, that if a party asks for a new trial on the ground of surprise, he must shew he has merits. There is no error on the record, the judgment is affirmed with costs.