KEATING, Respondent, v. BRADFORD, Appellant.

1. It can not be assigned for error that a new trial was improperly granted.
2. The Supreme Court will not interfere with the verdicts of juries on the ground that they are against the weight of evidence.

Keating v. Bradford.

*Appeal from St. Louis Law Commissioner's Court.*

*Spies & Burt*, for appellant, cited Cummins v. Walan, 4 Blackf. 307; Dense v. Worrell, 1 Hall, 382; Mann v. Clifton, 3 Blackf. 304; Coe v. Given, 1 Blackf. 367; Strange, 691; Cooke v. Berry, 1 Wilson, 98; Knox v. Work, 2 Binn. 582; Ford v. Filley, 2 Salk. 653; Alexander v. Byron, 2 Johns. Cas. 318; Jackson v. Roe, 9 Johns. 77.

*S. H. Gardner*, for respondent.

SCOTT, Judge, delivered the opinion of the court.

One of the errors assigned in this cause is, that the court below improperly granted to the plaintiff a new trial. Ever since the case of Helm v. Bassett, 9 Mo. 51, it has been the established law of this court that a writ of error will not lie for granting a new trial. The reasons of the determination in that case are satisfactory, and we have seen nothing since which would warrant us in disturbing it. It is strictly in accordance with the rules and principles of law; while we consider that a contrary opinion would involve the administration of justice in intricacy and confusion.

Another error complained of is that the verdict was not warranted by the evidence. It can scarcely be necessary to repeat that this court, by a long course of precedents, has refused to interfere with the verdicts of juries on the ground they are against the weight of evidence, after the judge who heard the evidence has sanctioned the verdict by a refusal to grant a new trial. Jurors try the facts and the judges determine the law. Judge Ryland concurring, the judgment is affirmed; Judge Leonard absent.