HENRY A. WIGHT, Respondent, v. MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, February 8, 1886.

1. PRACTICE—GRANTING NEW TRIAL—APPEAL OVER WRIT OF ERROR WILL LIE FOR.—It has been uniformly held in this state, that a writ of error will not lie for granting a new trial, without waiting for final judgment, and without appealing from it. It has also been held that, while the appellate court may review the discretion of the trial court in granting the new trial, it can only be done by *mandamus* on proper application.

2. ——— ——— DUTY OF TRIAL COURT CONCERNING NEW TRIALS. "Generally speaking, the court must be satisfied with the finding, otherwise, it is its duty to grant a new trial. So the concurrence of the court with the jury is, in most cases, necessary in the administration of justice. Where the trial court is of the opinion that the verdict is not supported by the evidence, or is against the weight of evidence, it should never hesitate to grant a new trial." The appellate court will not interfere with the discretion exercised by the lower court in this particular, in the absence of the appearance of an unjudicial discretion.

3. ——— ——— POWERS OF TRIAL COURT TO RECTIFY ITS ERRORS— MODE OF DOING IT.—The trial court has the power, and it is its duty to rectify its errors; and where it has improperly declared the law, and its attention is called thereto, in a motion for new trial,

and it orders a new trial, this court would not reverse its action. And with, or without, such motion for new trial, the court might, and ought to, order a re-hearing, where it, at the time, discovers its error.

Appeal from Vernon Circuit Court, Hon. Chas. G. Burton, Judge.

*Affirmed.*

The case is stated in the opinion.

Adams & Bowles, for the appellant.

The court erred in setting aside the judgment for the defendant, entered upon the verdict of the jury. The issues were fairly presented and passed upon, and in setting aside the judgment the court usurped the province of the jury, and substituted its judgment for that of the jury. Its action in that regard is subject to review by this court, and the course taken by defendant in abandoning the case when it did, was the proper practice to obtain the judgment of this court thereon. *Hill v. Wilkins*, 4 Mo. 36; *Davis v. Davis*, 8 Mo. 56; *Campbell v. Hood*, 6 Mo. 211; *Martin v. Henley*, 13 Mo. 312; *Helm v. Bassett*, 9 Mo. 51; *Fretwell v. Laffoon*, 77 Mo. 26.

S. A. Wight and N. E. Jones, for the respondent.

I. The jury were misled by the instruction for defendant as to the degree of proof required of defendant's negligence. It would have been objected to at the time, except that the court followed a decision of the supreme court, then recently published, which ruling has since been modified by that court. *Hafferty v. Wabash, etc., Ry. Co.*, 82 Mo. 90; *Persinger v. The Same*, 82 Mo. 196; *Turner v. Railroad*, 78 Mo. 578; *Kendricks v. Railroad*, 81 Mo. 521.

II. The action of the court, in setting aside the verdict and granting a new trial, was one addressing itself solely to the sound discretion of the court. It was not an unusual right, and was not exercised improperly.

The only chance for redress was by the review of the trial court, as appellate courts rarely interfere with findings on questions of fact. The *verdict* was both against the evidence and the weight of the evidence. *Crane v. Timberlake,* 81 Mo. 431 ; *Reid v. Ins. Co.,* 58 Mo. 421 ; *Myer v. McCabe,* 73 Mo. 236.

Philips, P. J.—This is an action against the defendant, a railroad corporation, for killing two cows, the property of plaintiff. The plaintiff's evidence showed, and the defendant admitted, that the two cows were killed by defendant's cars at a public road crossing. The negligence imputed to defendant was its failure to either ring the bell, or sound the whistle, on approaching this crossing, as by statute required. Plaintiff's evidence, from three witnesses, quite clearly established the fact that the bell was not rung, nor the whistle sounded.

Defendant's engineer testified, on its behalf, that he did ring the bell and sound the whistle. On instructions from the court, and this state of proof, the jury returned a verdict for the defendant. Thereupon the plaintiff filed motion for a new trial, assigning as grounds therefor, that the verdict is against the evidence, and the weight of evidence ; that it is contrary to the law as declared by the court, and that the court erred in declaring the law. The court sustained the motion, and ordered a re-trial. Whereat, the defendant announced that it abandoned the case, and would appear no further therein. It excepted at the time to the action of the court in sustaining said motion, and made affidavit and tendered bond for an appeal, which bond was approved, and appeal granted. It also presented its bill of exceptions, which was approved and made of record by the court.

Thereafter, and on the same day, the cause was taken up for re-trial, and submitted to the court, without the intervention of a jury. On hearing the evidence, the court found the issues for the plaintiff, assessing the damages at one hundred dollars, the value of the property injured.

I. It is apparent, from the record, that the case before us on this appeal, is the imputed error of the trial court in awarding a new trial. The final judgment rendered on the re-trial is not appealed from. The first question, therefore, for determination is, can appeal, or writ of error, from the action of the court in granting a new trial, be thus taken as attempted in this case? Since the decision in *Helm v. Bassett* (9 Mo. 52), it has uniformly been held by the supreme court of this state that a writ of error will not lie for granting a new trial, under like circumstances. *Keating v. Bradford*, 25 Mo. 86; *Simpson v. Blunt*, 50 Mo. 544. In *Boyce v. Smith* (16 Mo. 317), and *Leahey v. Dugdale* (41 Mo. 518), it is held that, while the appellate court may review the discretion of the trial court in granting the new trial, it can only be done by *mandamus* on proper application.

II. Even if the matter complained of were properly before us, it does not appear why we should interfere with the discretion of the court exercised in this instance As said in *Helm v. Bassett, supra*, "generally speaking, the court must be satisfied with the finding; otherwise, it is its duty to grant a new trial. So the concurrence of the court with the jury is, in most cases, necessary in the administration of justice." It is the duty of the trial court, in passing upon the motion for a new trial, to weigh the evidence, to pass upon the bias, and the conduct of the witnesses, as observed by the court. "And where the trial court is of opinion that the verdict is not supported by the evidence, or is against the weight of evidence, it should never hesitate to grant a new trial." *Reid v. P. & A. Life Ins. Co.*, 58 Mo. 422. The appellate court will not interfere with the discretion exercised by the lower court in this particular, in the absence of the appearance of an unjudicial discretion. *Fretwell v. Laffoon*, 77 Mo. 28; *Browner v. Wetzler*, 55 Cal. 420.

III. It is furthermore to be observed that this case was tried just after the promulgation of the opinion in *Braxton v. Railroad Company* (77 Mo. 455), and the instructions given by the court, *sua sponte*, were evidently

based upon the law as declared in said opinion. That
ruling has since been modified by the decisions in *Turner
v. Railroad Co.* (78 Mo. 578); *Kendricks v. Railroad Co.*
(81 Mo. 521) ; and *Persinger v. Railroad Co.* (85 Mo. ——.

While it may be conceded, if the plaintiff were ap-
pealing, he could not here avail himself of any error in
giving instructions, because he did not except to them
at the time, yet, where the trial court has improperly
declared the law, and its attention is called thereto in a
motion for new trial, and it orders a new trial, we would
not reverse its action ; because the trial court has the
power, and it is its duty to rectify its errors, while the
cause remains in the breast of the court. In fact, I am
not prepared to say that with, or without, such motion
for new trial, the court might not, and ought not, to
order a re-hearing where it at the time discovers its error.
Certainly we ought not to reverse its action for such re-
consideration, and a finding on competent evidence under
correct declarations of law, especially where this last
judgment was not appealed from. *Hawkin v. Reichart,*
28 Cal. 535.

The judgment must, therefore, be affirmed. All
concur.