SMITH & KEATING IMPLEMENT COMPANY, Respondent, v. HAMILTON WHEELER, Appellant.

Kansas City Court of Appeals, June 6, 1887.

1. PRACTICE—CASE ADJUDGED.—Under the legal definitions of surprise and mistake, the trial court erred in granting a new trial in this case.

2. PRACTICE—GRANTING A NEW TRIAL—PROPER PROCEDURE IN EXCEPTING TO.—There has been some confusion, arising from the rulings in this state, as to the *proper procedure* when exception is taken to the granting of a new trial. But it is now settled that the *proper course* is, that the party complaining shall *except* to the ruling of the court granting the motion, and take no further part in the cause until *final* judgment, and then appeal from that judgment.

APPEAL from the Vernon Circuit Court, HON. CHARLES G. BURTON, Judge.

*Reversed and remanded.*

KIMBALL & JANUARY and G. S. HOSS, for the appellant.

I.    *Granting a new trial* is largely *discretionary* with the trial court, but *abuse of that discretion* is reversible error. *Fretwell v. Laffoon*, 77 Mo. 26.

II.    *Discretion is abused*, if a new trial is *granted* when the evidence clearly *preponderates in favor of the first verdict*. *Hicks v. Stone*, 13 Minn. 434; *Young v. Davis*, 15 N. W. Rep. 174; *Street Railway Co. v. Rheiner*, 12 N. W. Rep. 449.

III.    Clearly it is, then, error for a court to set aside a verdict of its own finding, in favor of the defendant, on the ground that the verdict is against the evidence, *when the plaintiff has failed to make a prima facie case.*

IV.    If there is any element of negligence in the

case, there can be no "surprise," as the term is legally accepted, and, therefore, in such cases, it is an error to grant a new trial on that ground. *Howell's Ex'r v. Howell*, 37 Mo. 125; *Fretwell v. Laffoon, supra; Linard v. Crossland*, 60 Am. Dec. 213.

V. A chattel mortgage recorded does not impart constructive notice unless the description of the property covered is such that it can be identified, with the aid of such inquiries as the instrument itself suggests; hence, there can be no constructive notice where the description is false. Jones' Chat. Mort. [2 Ed.] sect. 55, p. 53.

J. B. JOHNSON, for the respondent.

I. The single proposition presented by the record, and brought to the attention of the court, is the granting of the new trial by the lower court, which the appellant assigns for error and respondent joins, and, in support of the action of the lower court, submits: (1) A motion for new trial is addressed to the sound discretion of the court, and, unless injustice has been done, or the discretion arbitrarily exercised or abused, appellate courts will not interfere. *State v. Griffith*, 63 Mo. 545, 551, and authorities cit. ; *Fretwell v. Laffoon*, 77 Mo. 26. (2) The appellate court will not interfere, if there is any ground on which the trial court's action can be sustained. All assumptions are in favor of trial court. *State ex rel. v. Adams*, 84 Mo. 310, 317 ; *Taylor v. Genail*, 10 Mo. App. 250 ; *Hess v. Clark*, 11 Mo. App. 497. (3) Where there is failure of proof, it is proper to grant new trial. *Simpson v. Blunt*, 42 Mo. 542. (4) Mistake, in matter of fact, is such surprise as entitles party to new trial. *Hite v. Lenhart*, 7 Mo. 22.

II. The error complained of is not reviewable in a proceeding like this. Mandamus is the proper remedy. *Helm v. Bassett*, 9 Mo. 51 ; *Hill v. Watkins*, 4 Mo. 86 ; *Pratte v. Cabanne*, 12 Mo. 194 ; *Boyce v. Smith*, 16 Mo.

317; *State ex rel. v. Adams*, 84 Mo. 310; *Wight v. Railroad*, 20 Mo. App. 480; *Leahy v. Dugdale*, 41 Mo. 517.

III.    The matter is not properly before the court, as some motion should have been made, calling attention of the trial court to the alleged error, and in giving it an opportunity to correct the same. *State ex rel. v. Burckhartt*, 83 Mo. 430. If the appellant's theory be correct, it is to be presumed that the court granted the new trial under section 3703, of the Revised Statutes.

Ellison, J.—This is an action of replevin for a pony saw mill. There was a trial in the court below, in which the finding was for the defendant. Plaintiff filed a motion for a new trial, which was granted; to the granting of which defendant excepted, and made out and filed his bill of exceptions, and refused to take further part in the case, but elected to stand on his judgment. At the next term, the cause again came on for trial; defendant not appearing, judgment was rendered for plaintiff, from which defendant appealed to this court.

The error assigned is granting the plaintiff the new trial.

The motion for new trial contained only two causes: (1) Because the finding of the court sitting as a jury is against the law and the evidence, and contrary to the weight of evidence. (2) Because the plaintiff's attorney and agent was mistaken and surprised, and because one of the witnesses made a mistake in his testimony, which occasioned the finding of the court.

The new trial could not have been granted for the first cause alleged, for the reason that there could not have been any different finding under the testimony.

Plaintiff's testimony not only did not identify the property replevied as the property in its chattel mortgage, but its evidence established that it was not the same property.

The motion was unquestionably sustained for the second reason assigned.

In support of the second reason, plaintiff's attorney made and filed his affidavit to the effect that he was surprised and mistaken at the trial of said cause, in this : That, from the statement of opposing counsel, and the answer in the cause, he believed the only issue in the cause was as to the validity of the chattel mortgage, in relation to the sufficiency of the description; that he could have had sufficient testimony to prove his case, but for this belief; that the additional testimony was not produced because the witness lived out of the jurisdiction of the court, and that he did not think it would have been doing justice to his clients to put them to the expense of procuring what, in his opinion, would be unnecessary testimony; that the case was conducted and argued on the theory that the "main point in the case was the validity of said mortgage, as aforesaid"; that "Edwards was mistaken when he says in his deposition that he purchased the mill from Russell & Company, of Massillon, Ohio"; that the judgment of the court was unjust, and worked a hardship on plaintiff; that if a new trial was granted, plaintiff would produce testimony to establish, beyond doubt, the fact that the mill in controversy was the same mill embraced in the mortgage.

The testimony of Edwards, in which it is said he was mistaken as to whom he purchased the mill from, was in the form of a deposition, and was filed with the clerk of the court on September 7, and the trial was not until the November following. Plaintiff had the length of time intervening to discover the mistake of the witness, and to have taken steps for its correction.

The affidavit is too indefinite as to statements made by the opposing counsel. If we should concede that the mere verbal statement of opposing counsel, in the face of the pleadings in the cause, would justify such confidence as to cause one to proceed into the solemnity of a trial, such statements should be so specifically shown as to enable the court to see if they were such as could be

fairly said to leave the impression sought to be given them. The answer in the cause was notice to the plaintiff that all the issues by it made would be litigated, and if plaintiff understood that such would probably not be the fact, the prudent thing to have done would have been to have gotten a stipulation as to the conceded points.

It is to be noticed that the affidavit states that the affiant believes plaintiff's case was proved; that he believed it at the trial, and at the time of making the affidavit. From this, it would appear that no reliance was placed in the statements of opposing counsel for affiant, notwithstanding such statements did, nevertheless, proceed to prove his case to his own satisfaction.

Under the legal definitions of surprise and mistake, we are of the opinion the trial court erred in granting the new trial. *Fretwell v. Laffoon*, 77 Mo. 26. The deposition of the witness, Edwards, was on file at least two months before the trial, and in ample time to have corrected any mistakes; but if it had not been, plaintiff should have asked a continuance of the cause, that it might retake the testimony.

I cannot see how the matter, as presented here, can be properly denominated a mistake. The affiant says, from statements made to him by opposing counsel, "he believed, and now believes," that the only issue was as to the validity of the mortgage in the matter of description. If the statements of counsel were such as to make a binding agreement as to what issues would be litigated, such matter should have been interposed before judgment was rendered, that such issues might have been eliminated from the case, or the cause continued. If the statements did not amount to an agreement, whether from insufficiency, or from not being reduced to a written stipulation, then plaintiff should not have relied upon them at all, and prepared for the whole case.

The case is properly brought here by appeal. After new trial was granted, defendant excepted, and took no

further part in the cause till final judgment was entered against him, when he appealed.

There has, undoubtedly been some confusion, arising from the ruling of the Supreme Court on this question, as to the proper procedure when exception is taken to the granting of a new trial, but we deem it now settled that the proper course is that which was pursued by defendant in this cause. It is supported by *Gilstrap v. Felts* (50 Mo. 431); *State ex rel. v. Burns* (66 Mo. 227), and cases cited; *Fretwell v. Laffoon* (77 Mo. 26). In the case of *Wight v. Railroad* (20 Mo. App. 481), the appeal was taken before final judgment in the cause. Such is not the condition of this case.

For the reasons given, the judgment will be reversed and the cause remanded. All concur.