L. G. BULLOCK, Respondent, v. WILLIAM COOK, Appellant.

St. Louis Court of Appeals, December 6, 1887.

1. PRACTICE, TRIAL—DISCRETION.—An appeal from a justice having been properly dismissed by the circuit court on the record before it, it is not error to refuse to reinstate the appeal upon a showing that the record was not correct, where the facts claimed as showing diligence in the prosecution of the appeal are controverted by opposing affidavits.

2. ——— The action of a trial court upon a question within its discretion will not be disturbed, in the absence of a manifest abuse of such discretion.

APPEAL from the St. Louis Circuit Court, SHEPARD BARCLAY, Judge.

*Affirmed.*

M. F. TAYLOR and R. L. McLARAN, for the appellant: It is within the scope of an attorney's power to waive notice of appeal. *McDonough v. Daly*, 3 Mo. App. 606; *Hansen v. North*, 14 N. H. 57; *Heffernan v. Burt*, 7 Iowa, 321. An attorney has power, by virtue of his position, to extend the time for taking an appeal. *Hoffenbuth v. Muller*, 12 Abt. Pr. (N. S.) 221. And he

may stipulate that one case may abide another. *Railroad v. Stephens*, 36 Mo. 150. The parties litigant may either of them appear by their own or their attorney's voluntary act, and any act indicative of this intention or acquiescence in the knowledge that the case is up on appeal will be binding. *Henderson v. Henderson*, 55 Mo. 545 ; *Page v. Railroad*, 61 Mo. 78.

WM. S. STEWART and J. R. CUNNINGHAM, for the respondent: The appeal was taken out of time. Rev. Stat., sec. 3041. No notice of appeal was given. Rev. Stat., secs. 3055, 3057 ; *Town of Brownsville v. Rembert*, 63 Mo. 393 ; *Biddle v. Gillespie*, 67 Mo. 627. There was no waiver of notice. *Rawley v. Hinds*, 50 Mo. 403 and 504.

ROMBAUER. J., delivered the opinion of the court.

Judgment was rendered in this case by a justice of the peace against the defendant on September 28, 1886. From this judgment, according to the recitals of the justice's transcript, the defendant took an appeal, October 11, 1886, filing an affidavit and bond, according to similar recitals, September 8, 1886. The transcript was filed in the circuit court October 14, 1886. No notice of the appeal was given, as required by statute. February 11, 1887, the plaintiff moved the court to dismiss the appeal because it was not taken in time and no notice of it was given. This motion the court sustained, March 2, 1887. Within four days thereafter the defendant moved to set aside the dismissal, filing with his motion an affidavit of the justice tending to show that the appeal was taken in time and that the entry in the transcript showing the date of the appeal was erroneous ; also an affidavit of the defendant's agent tending to show that he paid no attention to the appeal in the circuit court, having requested counsel for the plaintiff to let him know when the case would come to trial, to which such counsel agreed, and also tending to show that the appeal was meritorious. The facts stated in

the agent's affidavit were controverted by affidavits of the plaintiff's attorneys. The court overruled the motion to set aside the dismissal, hence this appeal.

We see no error in the record which would justify us to vacate the order of the trial court. That the first disposition of the appeal was correct is conceded, since the transcript, on its face, shows that the appeal was not taken within ten days, as the law required, and since it is not claimed that any notice of appeal was given. To set aside the order thus legally made and to reinstate the appeal was within the sound judicial discretion of the court, and there is nothing in the record to show that such discretion was abused. The court might credit the affidavit filed by the defendant's agent, or the counter-affidavits filed by the plaintiff's attorneys, there being a conflict between them, and nothing to indicate that the former was entitled to greater credence.

There is, however, a further consideration, which alone would have justified the court in its refusal to reinstate the cause. The appeal was filed October 14, 1886; it was not dismissed until March 2, 1887. During the interval between these dates the appellant had ample opportunity to discover the mistake in the transcript, which abounds in errors as to dates. It was his duty to have the transcript corrected by rule upon the justice, for which there was ample time. In failing to do so he was guilty of negligence and can not complain of its legitimate result.

The judgment is affirmed. All the judges concur.