JOSEPH RICKROAD *et al.*, Appellants, v. ANDREW J. MARTIN, Respondent.

Kansas City Court of Appeals, February 2, 1891.

1. **New Trials** : TRIAL PRACTICE : RULE AS TO SETTING ASIDE VERDICT. All disingenuous attempts to stifle evidence, or to thwart the proceedings, or to obtain unconscionable advantage, or to mislead the court or jury, will be defeated by setting aside the verdict ; but where substantive justice has been done, no new trial will be granted, yet, in case of reasonable doubt, the application should be granted. The general rule is that the court must be satisfied with the verdict, as the concurrence of the court with the jury is generally necessary in the administration of justice.

2. ———— : APPELLATE PRACTICE : DISCRETION OF TRIAL COURT. Appellate courts will not interfere with the discretion exercised by the lower court in granting or refusing new trials in the absence of unjudicial discretion.

3. ———— : PERJURY : SURPRISE : STATUTE. Under section 2240, perjury is a separate and independent ground upon which the court may award a new trial, and this, whether attended with surprise or not ; and resort need not be had to the prompt action necessary in cases of surprise.

4. ———— : ———— : RECORD EXAMINED. The record in this case examined, and the action of the trial court in granting a new trial on the ground of perjury is approved.

*Appeal from the Putnam Circuit Court.* — HON. ANDREW ELLISON, Judge.

AFFIRMED.

*N. A. Franklin, F. C. Sickles, C. C. Fogle* and *E. Higbee,* for appellants.

(1) The order granting the new trial ( pp. 44, 45 Abs.) specifies the ground on which it was granted, that plaintiff Harriet Rickroad committed perjury in swearing she did not write the letter used in evidence

marked exhibit "A," and that the verdict for the plaintiff was thereby procured by the perjury of the plaintiff, as required by section 2241, Revised Statutes. *Burke v. Kansas City*, 34 Mo. App. 570. ( 2 ) A new trial may be granted for mistake or surprise of a party ; fraud or deceit practiced by either party ; or where the court is satisfied that perjury or mistake has been committed by a witness and is also satisfied that an improper verdict was occasioned by any such matters, and that the party has a just cause of action or defense. R. S., sec. 2240. The granting of a new trial for perjury stands upon the same footing as fraud or misconduct of a party, accident, surprise or mistake. *State v. Curtis*, 77 Mo. 267, 268 ; *Smith v. Mead*, 1 Johns. Ch. 320 ; *Peagram v. King*, 2 Hawkes, 605 ; 2 Am. Dec. 793. See cases reviewed. The party must have been "surprised" by the perjury, and wholly unable to meet it. 3 Grah. & Wat. New Trials [ 2 Ed.] 994, 995, 996, 999. ( 3 ) In this case there is no pretense that the evidence offered in support of the motion was newly discovered, or that it might not have been produced on the trial. There is no pretense of diligence in preparing for trial. *State v. Ray*, 53 Mo. 345. ( 4 ) If Mrs. Rickroad was guilty of perjury in denying that she wrote the letter, defendant knew it at the time, and also knew that he could prove that it was her writing by Annie Martin and Samuel Martin and others. Squire Morrow testified that he believed that the letter was in Mrs. Rickroad's handwriting. Defendant deliberately elected to submit the case to the jury rather than move for a continuance to procure other witnesses. He thereby waived the perjury, if such it was. *Consensus tollit errorem.* 2 Thompson Trials, sec. 2613, n. 3, p. 1977 ; sec. 2725, p. 2061 ; sec. 2591, p. 1956 ; *Meehan v. Railroad,* 55 Ia. 305 ; 7 N. W. Rep. 613 ; Broom's Leg. Maxims, [ 7 Ed.] 136 ; 1 Grah. & Wat. New Trials [ 2 Ed.] 52 ; 2 Grah. & Wat. New Trials [ 2 Ed.] 467 ; 3 Grah. & Wat. New Trials [ 2 Ed.] 999 ; *Lisle v. State,*

6 Mo. 426. (5) The granting of a new trial was not a matter of discretion. It is the duty of this court to review the action of the court the same as upon a demurrer or any other legal proposition, and the reversal of the order will not be interference with the court's discretion. *Meehan v. Railroad*, 55 Iowa, 305; 7 N. W. Rep. 613; *Fretwell v. Laffoon*, 77 Mo. 26, 28, and cases cited; *Smith v. Wheeler*, 27 Mo. App. 16; *Blanchard v. Wolff*, 6 Mo. App. 200. (6) Mrs. Rickroad was the first witness examined. He could not say to himself, "I know this is perjury, but I will take the chances of a verdict, and then if defeated I will get a new trial." "A man, who does not speak when he ought, shall not be heard when he desires to speak." *Smith v. Wheeler*, *supra*; *Bragg v. City of Moberly*, 17 Mo. App. 221, 3 syl. 227; *Albert v. Seiler*, 31 Mo. App. 247, 5 syl. 257; *Dalton v. Shaffner*, 38 Mo. App. 165; *Harrison v. Harrison*, 9 Price, 89; 6 Moore & Payne, 229; 3 Abbott's Nat. Dig. 315, sec. 20; 3 Grah. & Wat. New Trials [2 Ed.] 999. (7) Defendant by his amended answer, filed on the day of the trial, made the genuineness of this letter a vital issue. He was bound to know this and to use all diligence in preparing for trial. He could not be surprised at Mrs. Rickroad's denial of having written it, "even though such testimony be false." *Bragg v. City of Moberly*, *supra*; *Fretwell v. Laffoon*, 77 Mo. 26, 27, 28; *Taylor v. Harlow*, 2 How. Pr. 285. (8) It is not alleged in defendant's affidavit or elsewhere that the verdict is improper, or that the defendant has a just defense, as required by section 2240, Revised Statutes; nor does this appear from the court's finding. These allegations are essential, and their omission fatal. *Meechem v. Judy*, 4 Mo. 361; *Culbertson v. Hill*, 87 Mo. 553, 4 syl.; *Campbell v. Buller*, 32 Mo. App. 646, 3 syl. (9) There was manifest error in admitting in evidence the affidavit of Lucy Elliott and Ollie Martin, that the letter, exhibit A, was in the handwriting of Mrs. Rickroad. It is

Rickroad v. Martin.

cumulative, and there is no pretense that it is newly discovered, or that any diligence was used to procure their evidence at the trial. *State v. Butler*, 67 Mo. 59, 2 syl. p. 63; *State v. Rocket*, 87 Mo. 666, 669, 670; *State v. Clinton*, 67 Mo. 380, 383; *Rose v. Bank*, 91 Mo. 399.

*Huston & Parrish*, for respondent.

(1) The court did not err in admitting testimony on the motion for new trial. The proceeding is summary, and *ex parte* affidavits or other means of information may be used, at the discretion of the court. *Goode v. Crow*, 51 Mo. 313. The letters are grossly misprinted, so that their absolute agreement in spelling does not appear. This court cannot, as the lower court did, see the manner of the witness or the absolute sameness of the handwriting. (2) The position assumed, that a party must prepare for trial in anticipation of perjury by the opposite party, has the merit of novelty. It is that perjury is presumed. (3) The lower court, in its order granting the new trial, "finds that Harriet Rickroad (the beneficial plaintiff) committed perjury on the trial, and that a verdict in her favor was caused by such perjury,"—perjury, not of a mere witness, but of a party to put money in her purse. This is found as a fact, and must be taken and considered as conclusive that she did commit perjury. R. S. 1889, sec. 2240; *Hurlbut v. Jenkins*, 22 Mo. App. 572; *State v. Cook*, 84 Mo. 46. (4) But Mr. Higbee, in his elaborate brief and argument, says, if we did commit perjury and get a verdict thereby, what are you going to do about it? Is it possible that the law and the courts in our days are merely the handmaidens to perjury—the mere registrars, bound to record her corrupt decrees? If so, justice has become a renegade and camps with the enemy. (5) This is not, as Mr. Higbee seems to imagine, a question of surprise alone, it is a question of perjury and public policy—whether the perjurer shall profit by her

own wrong. "It is a general rule that all disingenuous attempts to stifle evidence, or to thwart the proceedings, or to obtain an unconscionable advantage, or to mislead the court and jury, will be defeated by setting aside the verdict." Graham & Waterman on New Trials [2 Ed.] p. 55, 47–8, 39–43. "Even neglect or carelessness of the one party should not induce the court to permit the other side to perpetrate a fraud." (6) The presumption is in favor of the action of the lower court, and before the court will reverse for error it must be made to appear very clearly that the trial court abused its discretion. *Cook v. Railroad*, 56 Mo. 384; *Tendler v. De Wold*, 14 Mo. App. 60; *Ins. Co. v. Curren*, 45 Mo. 142. This is much more the rule where the appeal is from an order sustaining the motion—it concludes no one. *Stout v. Lewis*, 11 Mo. 438; *Spaulding v. Meyer*, 40 Mo. 176; *Helm v. Bassett*, 9 Mo. 53. If the motion be sustained, the perjurer has still an opportunity for a new trial. If refused, perjury is successful. (7) The appellant seems to have been confused by ancient precedents made when parties could not testify—then the question whether a witness told the truth or not did not morally affect the party in whose behalf he testified, and hence as he was innocent, and as one of two innocent parties must suffer, courts were averse to setting aside verdicts. The perjurer was not asking the court to aid him—there, as the question lay between two equally innocent parties, the courts considered their relative degrees of diligence, negligence, etc. But, when the ancient courts discovered subornation of perjury and a corrupt verdict thereby in favor of the suborner, they were quick to cut it up by the roots by granting a new trial. (8) They invoke the doctrine of waiver. "May it please the court, the other side were a little slow in sizing us up, they should have known I intended to swear to lies, that the presumption was that I would lie, and they ought to have come prepared to show me up—they were so knocked down, pommeled and dazed by my robust

Rickroad v. Martin.

swearing, that they overlooked, in the hurry of the trial, some steps they might have taken. I got them rattled by my perjury—it was a regular cyclone, and when it struck they did not get on their feet quite as promptly as I think they should, and now that they have got up I want the court to help me down them again, till I can filch from their pockets the amount of my tainted verdict. The administration of justice will be seriously imperiled unless the court aids me in reaping the fruits of my perjury." This is, for a plea addressed to a court constituted to administer justice, a patentable invention—it is original, novel and never heretofore used. (9) The judgment of the lower court is for the right party. *Kineally v. Burd*, 9 Mo. App. 359; *Julien v. Calkins*, 85 Mo. 202; *Bridge Co. v. Ring*, 58 Mo. 491; *Lewis v. Curry*, 74 Mo. 49.

SMITH, P. J.—This was an action of slander. There was a trial which resulted in a verdict for plaintiffs. The court upon the motion of defendant set aside the verdict of the jury, and granted a new trial on the specific ground that the plaintiff, Harriet Rickroad, had committed perjury in swearing that she did not write a certain letter introduced in evidence by the defendant. The plaintiffs' filed a motion to set aside this order of the court, which being overruled, they refusing to further prosecute their cause, the court dismissed the same for want of prosecution. The plaintiffs filed a motion to set aside the judgment of the court in dismissing the cause, which being overruled they bring the case here by appeal.

I. The jurisdiction of the appellate courts to review the action of the trial courts in granting new trials on writ of error or appeal now seems fully recognized in this state. *Smith v. Wheeler*, 27 Mo. App. 16; *Merrell v. Burns*, 66 Mo. 227, 228; *Gilstrap v. Feltz*, 50 Mo. 428, 431; *Bowie v. Kansas City*, 51 Mo. 454, 458, 459; *Blanchard v. Wolf*, 6 Mo. App. 200; *Fretwell v.*

*Laffoon,* 77 Mo. 26. "It is a general rule that all dis-
ingenuous attempts to stifle evidence, or to thwart the
proceedings, or to attain an unconscionable advantage,
or to mislead the court and jury, will be defeated by
setting aside the verdict." "There is one rule of uni-
versal application and controlling efficacy. It is that,
where substantive justice has been done, no new trial
will be granted. The discretion of courts consists in
deciding this fundamental question. A judge, then,
should never deny a motion of this kind (new trial)
unless he is satisfied that the merits of the case have
been fully and fairly tested and determined. If he has
a reasonable doubt on the subject, he should decide in
favor of the application." Graham & Waterman on
New Trials [2 Ed.] pp. 47, 48, 55. There is an obvious
distinction between the granting and refusing of a new
trial. By granting it, the cause is kept open, another
opportunity is afforded for investigation of the merits,
and the injury, if any, is merely the delay, whereas a
refusal precludes a party from all redress in the future,
and the injury committed is irreparable. The law has
that degree of confidence in its own administration that
it contemplates that he who is entitled to a verdict in a
cause at one time will obtain it at another. The
general rule is that the court must be satisfied with the
verdict, otherwise it is its duty to set it aside. The con-
currence of the court with the jury is generally neces-
sary in the administration of justice. *Helm v. Bassett,*
9 Mo. 53 ; *Stout v. Lewis,* 11 Mo. 438 ; *Spaulding v.
Majors,* 40 Mo. 176 ; *Wright v. Railroad,* 20 Mo. App.
481. And the appellate courts will not interfere with
the discretion exercised by the lower court in this par-
ticular in the absence of the appearance of unjudicial
discretion. *Fretwell v. Laffoon,* 77 Mo. 28 ; *Wright
v. Railroad, supra ; Brown v. Wetzler,* 55 Cal. 420.
An indiscriminate interference by this court with
matters of pure discretion in the courts below would in
the end be productive of more injustice than a refusal

to interfere in any case. In the review justice might sometimes be done; but in most of them it would be little more than a groping in the dark in which the court could not satisfy itself whether it was right or wrong. It frequently happens that there are circumstances influencing the action of the trial court which cannot be spread upon the record. These considerations should induce the greatest caution on our part in the exercise of our power of review.

Keeping these thoughts in view we will proceed to examine the question presented for our determination. The statute, section 2240, mentions several causes for which a new trial may be granted, one of which is, " where the court is satisfied that perjury has been committed by a witness, and is also satisfied that an improper verdict or finding was occasioned by it, and that the party has a just cause of action or defense." This is a separate and independent ground upon which the court may award a new trial. It is not coupled as plaintiffs seem to suppose with any other cause mentioned in the statute, such as surprise, etc. The effect of the perjury may or may not be a surprise, but whether so or not, if the court should be satisfied that an improper verdict or finding was occasioned by it and the other party has a just cause of action or defense, it is authorized to award a new trial. A case of this kind stands on a different legal footing from one where it is grounded on surprise. In the latter case it is the duty of the party to make his misfortune known to the court the instant it occurs, and to ask a reasonable postponement to enable him to produce countervailing proof. " If he can relieve himself from his embarrassment by any mode either by nonsuit or a continuance, or the introduction of other testimony, or otherwise, he must not take the chances of a verdict, but must at once justify his position by resorting to all available modes of present relief." *Bragg v. City of Moberly*, 17 Mo.

App. 221 ; *Shellhasse v. Bull*, 29 Cal. 608 ; *Delmas v. Martin*, 39 Cal. 558.

This case, as appears by the record, was rested on the distinct ground that one of the plaintiffs, Mrs. Rickroad, while testifying as a witness at the trial of the case, committed perjury by swearing that she did "not write the letter used in evidence," and that the verdict was thereby procured by her perjury. Hence, it was not necessary for defendant to take the precautions required in a case where the motion for a new trial was based on surprise. The letter in question was crammed full of protestations of the plaintiff's love for defendant. It gives as a reason why she did not meet him the last time was "you came so often, I was afraid you had told some one else and they would be with you. if I was shure you had never told anyone I would meet you every time." It concludes, "I could see you the other day when cutting oats and I thought if I could have one sweet kiss from you and one good hug it would be sweet. O come back my darling, O come back to-day for the heart of one that loves you grows tyrd of waiting for you." This amatory epistle was introduced in evidence before the jury by defendant. Its effect, of course, was most damaging to the plaintiff's case. To neutralize this Mrs. Rickroad was recalled as a witness and swore that she did not write it. The jury evidently believed her testimony, otherwise their verdict would not have been in her favor.

In respect to the proofs adduced in support of the ground of the motion, charging that Mrs. Rickroad had falsely testified that she had not written the letter offered in evidence, and thereby committed perjury whereby an improper verdict was occasioned, we may state, that a rather careful examination of the same has convinced us that the court was fully justified by it in reaching the conclusion which it did. We see no valid objection either to the proof or to the manner of its

production. We have no doubt that the false statement of Mrs. Rickroad, in ` respect to the letter, occasioned the verdict, and, such being the case, we should be very loath to interfere with the action of the trial court based on a like conclusion unless our duty to do so was imperative. As to whether the verdict was improper, or whether the defendant had a just cause of defense, the circuit judge who presided at the trial and heard all the evidence was better able to determine than we are, and we feel that to some extent we should defer to his determination. We cannot say, after an examination of the record, that the court was not justified in finding that there had been perjury committed by a witness, and that an improper verdict was not occasioned thereby, or that there was an abuse of its discretion in setting aside the verdict and granting a new trial. Justice was put under very grave suspicion, and the action of the court was needed for its vindication. To uphold a verdict that an enlightened court has solemnly adjudged to have been occasioned by the perjury of one of the parties in . whose favor it was found, would be subjecting our jurisprudence to unmerited reproach.

According to the views expressed in a number of decisions of the supreme court, from the earliest to the latest, there is nothing in this case which takes it from under the operation of the general rule, that the discretion of a trial court will not be interfered with unless it manifestly appears that injustice has been done, and the discretion has been arbitrarily exercised. *State ex rel. v. Griffith*, 63 Mo. 545; *Meechem v. Judy*, 4 Mo. 361–540; *Faber v. Bruner*, 13 Mo. 541; *Eidemiller v. Kump,* 61 Mo. 340; *Jacob v. McLean*, 24 Mo. 40; *Bullock v. Cook*, 28 Mo. App. 222; *Kent v. Hamilton*, 23 Mo. App. 619; *Fannon v. Plummer*, 30 Mo. App. 28; *Wright v. Railroad*, 20 Mo. App. 481. We cannot discover that injustice has been done. ·

Since we have found the proof justified the finding of the court, we feel constrained by our convictions of duty to hold that the action of the court, based on such finding, was not the exercise of an unjudicial discretion. The judgment of the circuit court will be affirmed. All concur.