## FIELD & CATHCART *vs.* MATSON.

A judgment by default will not be set aside after the damages are assessed, on account of the mistake or negligence of the defendant's attorney.   No distinction is made between the negligence of the party and the negligence of his attorney.

ERROR *to* St. Louis Court of Common Pleas.

LESLIE, *for Plaintiffs in Error.*

By the common law, it is in the discretion of the Court to set aside a judgment by default, on affidavit of merit, so that a term is not lost to the plaintiff.  (Tidd's Practice, 507, 508; Graham's Practice, 634.)   As the motion was made at the same term, this case would fall within the rule.   The Supreme Court of this State seem so far to have modified the rule of the common law, as to require proof of reasonable diligence on the part of the defendant.   The present case shows all the diligence that could be expected of a party: the defendants employed an attorney of the court to appear and defend; surely it would not be required that they should stand by him, and see that he did his duty.   If there has been neglect, it is imputable only to the attorney, and it is confidently believed that neither in this State, nor elsewhere, can a case be found where the court have refused to relieve against a default incurred solely by the negligence of its own officer.

But it is submitted, that the case is not so much one of negligence as of accident.   The confusion into which the business of the court had fallen through the sickness of the judge, and of the appointment of the attorney to a public duty, withdrawing his attention from the civil courts, are unusual circumstances, distinguishing this case from others: at least, it is conceived, these circumstances take away from the omission, on the part of the attorney, that character of gross negligence which alone could justify so severe a penalty as the payment of the judgment in this case.

It has been objected, that, by the statute, (p. 460, sec. 31,) the court has no power to set aside a default after the assessment of damages.   It is true, that statute does not give the power.   But it is insisted, that the power existed at the common law, and the statute being only in the affirmative, without negative or restrictive words, leaves the common law power unimpaired.   In this respect, the language of the statute is plainly distinguishable from the statute regulating motions for new trials.   In these last cases, (Statute, p. 469, sec. 1,) the language is, "All motions *shall* be made within four days."   The decisions of the Supreme Court on this last statute, and on which the defendant in error is understood to rely, are therefore regarded as inapplicable to the present case.

The practice is believed to have been conformable to this construction, and in truth, upon the other construction, the courts would be wholly stript of their

*Field & Cathcart* vs. *Matson.*

power over judgments by default, in that large class of cases where the assessment is made by the clerk, and at the same time that the judgment is entered.

Finally, it is submitted, that this case is attended with such circumstances of accident and mistake as would justify the interference of a court of equity, on one of its common grounds of jurisdiction, and it is difficult to perceive any solid reason why it is not competent for a court of law to grant the same relief.

HUDSON *and* HOLMES, *for Defendant.*

1. A motion for a new trial must be made within four days after the trial.— Rev. Stat., p. 469, sec. 1.

2. A judgment by default may be set aside for good cause shown, at any time before the damages shall be assessed, but not afterwards.—Rev. Stat., 460, § 31.

3. After the damages are assessed, the judgment by default stands on the same footing with regard to a new trial as if rendered upon verdict, and a motion must be made, at least, within four days, for a new trial, if at all.—Wimer *vs.* Morris, 7 Mo. Rep., 6.

4. After the four days have elapsed, the court has no longer any power over the subject. (Rev. Stat., 460, sec. 31, 469, sec. 1; Williams *vs.* The Circuit Court of Saint Louis County, 5 Mo. Rep., 248; Allen & Dougherty *vs.* Brown, 5 Mo. Rep., 323.) In these cases, Edwards, judge, held, that the power of the court over the subject of new trials did not cease, but that, by virtue of common law powers, the subject might be considered at the suggestion of the party, if substantial justice had not been done, but not as a matter of right on motion. In this opinion the majority of the court do not seem to have concurred.

5. But even if the above doctrine be correct, it is clear, that if the new trial be refused, it is not error, but a matter wholly within the discretion of the court.— *Ibid.,* 254.

6. The plaintiffs in error did not use the diligence required by law.—Green *vs.* Goodloe, 7 Mo. Rep., 25; 7 Mo. Rep., 6.

TOMPKINS, J., *delivered the opinion of the Court.*

This was an action of assumpsit brought to the September term of the Court of Common Pleas of St. Louis county, for the year 1843, to recover the value of a slave alleged to have been lost through the negligence of the plaintiffs in error, whilst he was hired by them. Both of the defendants were served with the writ: neither of them appeared or pleaded to the action; and, on the nineteenth day of December, during the said September term of the year 1843, a judgment by default was entered against them, and a writ of inquiry was ordered to be executed at the next term of said court. Accordingly, at the April term then next succeeding, the writ of inquiry was executed, and the plaintiff's damages were assessed to six hundred dollars.

This writ was executed on the 4th day of April, and judgment was entered for that sum of money on the same day.

On the 18th day of April, fourteen days after the entry of the judgment of the court for the damages assessed, the defendants filed their motion to set aside this judgment, and for a new trial, for reasons filed. The Court of Common Pleas overruled the motion; the defendants excepted; and, to reverse this judgment of the court, overruling the motion to set aside the judgment by default, this writ of error is prosecuted. The matter contained in the affidavits of the plaintiffs in error is, substantially, that they employed counsel soon after the service of the original writ, and that they are advised and believe they have a just and merito-rious cause of defence, and believe that they can prove such cause.

The counsel employed admits that he was employed and promised to attend to the suit; that, at the return term of the cause, the sickness of the judge pre-vented the holding of the court until December, and then it was for a few days only; that he had neglected to place that cause on the private docket of himself and partner, and as his partner tells him, and as he verily believes, he did not inform his said partner that he had undertaken for them both to attend to the cause; that, being afterwards appointed circuit attorney, he was so employed in prosecutions, as to forget altogether the cause.

The 31st section of the third article to regulate practice at law provides, that, "If the defendant shall fail to file his plea or other pleadings, within the time prescribed by law, or the rules and practice of the court, &c., an interlocutory judgment shall be given against him by default; but such judgment may, for good cause shown, be set aside at any time before the damages shall be assessed, upon such terms as shall be just." But, on the part of the plaintiffs in error, it is contended, that the power existed at the common law, and the statute being only in the affirmative, without negative or restrictive words, leaves the common law power unimpaired. In Tidd's Practice, 507, 8, on which the plaintiff in error relies, it is said that a judgment by default may be set aside on affidavit of merits, so that a term is not lost by the plaintiff. This is, in effect, precisely the pro-vision in our statute, as far as this case is concerned. Judgment by default was taken at the September term, 1843, and at the April term, 1844, the damages were assessed; so that *a term was lost* to the plaintiff below, before the damages were assessed. But it is contended, that the circumstances of the case take away from the omission, on the part of the attorney, that character of gross neg-ligence which could alone justify so severe a penalty as the payment of the judg-ment in this case.

The cases of Wimer *vs.* Morris, 7 Mo. Rep., 6, and Green *vs.* Goodloe, p. 27 of same volume, show not only that there should be an affidavit of merits, but also, due diligence must be shown. It is in vain that it is attempted to make a distinction betwixt the negligence of the party, and that of the attorney. No authority is attempted to be shown for the distinction; and it is believed that business could not be conducted in courts on any other terms than of leaving the client to suffer the consequences of the neglect of his attorney.

The judgment of the court must be affirmed.