## LAURENT, ET AL., VS. MULLIKIN.

The judgment of a Circuit Court setting aside a judgment by default, will not be reversed, unless it be a case of gross error.

## ERROR to St. Louis Circuit Court.

TOWNSEND, *for Plaintiffs, insists:*

1. That all the proceedings in said cause, down to final judgment for the plaintiff, were regular.
2. The plaintiffs, secondly, insist, that no sufficient cause was shown by the defendant for setting aside the assessment of damages.
3. The plaintiffs maintain that the judgment by default was improperly set aside.

SPALDING & TIFFANY, *for Defendant, insist :*

1. The judgment by default ought to have been set aside on Mullikin and Darby's affidavit, as due diligence and merits on behalf of Mullikin are fully disclosed in the affidavits. Rev. Code, 814, sec. 36 and 37; 4 Mo. Rep., 557; Lecompte & wife vs. Wash, 7 Mo. Rep. 6 and 25.

2. The refusal of the court to set aside the default did not preclude the court from again considering the matter, if it were of opinion that the motion had, on the first occasion, been irregularly brought on. As regards the *default*, this was all that the court did. From the new affidavits filed, it appeared that the motion had been prematurely brought on, to set aside the default, and that the defendant had not been heard on the motion, and the court then proceeded to rehear the same, and on the rehearing, set aside the default.

6. The assessment of damages was irregular and illegal, and ought to have been set aside for the following reasons:

1. Because the defendant was surprised and mislead by the paper filed releasing damages;

2. Because the damages, as assessed, were exorbitant;

3. Because the defendant had no proper notice that said suit was legally to be called for assessment of damages;

4. Because this suit never was set by order of court for assessment of damages;

5. Because it would have been illegal to set said cause for assessment of damages, at that term, unless for special reasons. 9 Mo. Rep., 406.

MCBRIDE, J., *delivered the opinion of the Court.*

This was an action of ejectment, brought by Julie Laurent and others against Charles Mullikin, in the St. Louis Circuit Court, on the 29th October, 1845. On the 25th November, judgment by default was taken, and an order made for the assessment of damages at the same term. On the next day, the defendant filed a motion to set aside the judgment of default and the order for the assessment of damages, supported by affidavits. On the 11th December following, the defendant's motion was overruled, and a jury was empanelled, who assessed the damages, and the plaintiff had final judnment therefor and an award of execution. On the 13th of the same month, another motion, setting out the reasons therefor, and accompanied by affidavits in support thereof, was filed by the defendant, to set aside the judgment on the assessment, the assessment of damages, and the judgment by default, which was by the court sustained, and the same set aside, to which the plaintiff excepted. On the 12th February, 1846, the plaintiff suffered a non-suit, and filed his motion to set the same aside, which, on the 28th of said month, was by the court overruled; to the overruling of which the plaintiff excepted, and has brought his case here by writ of error, to reverse the judgment of the Circuit Court.

The only question presented for our consideration is, whether the Cir-

cuit Court committed error in setting aside the final judgment entered on the assessment of the damages by the jury—the assessment of damages by the jury, and the judgment of default entered against the defendant.

The affidavits are voluminous, and need not be copied. They show that counsel was employed in due time to defend the suit—that the judgment by default was taken in consequence of the failure of the attorney to plead within the time fixed by law—that the assessment of damages was made in the momentary absence of the attorney, who had been constantly in court for several days awaiting the calling of the case—and that, in the opinion of the defendant and his attorney, the defendant has a meritorious defence to the action. A counter affidavit was filed by the plaintiff's attorney, controverting some of the statements made by the defendant and his attorney.

The setting aside of judgments, and the granting of new trials, are by law properly vested in the Circuit Court. They are discretionary powers, to be soundly and not capriciously exercised, for the furtherance of justice. In the facts of this case, we do not find any reason to question the correctness of the action of the Circuit Court; on the contrary, we are of opinion that, under the circumstances, the court exercised its discretion soundly in setting aside the judgment.

To authorize the court in reversing a judgment of this character, a very strong case would have to be made out: it must appear apparent that the court had egregiously erred or had acted under the influence of improper impulses, for our experience and observation teach that there is but little danger to be apprehended from an undue exercise of this power, on the part of the court; besides, if the party complaining has really a right to recovery, the presumption is that he will obtain his rights in a more ready and speedy way, by another trial in the Circuit Court. If the judgment set aside was wrongfully obtained, then the court, in sitting it aside, has discharged only its duty.

The judgment of the Circuit Court ought to be affirmed, and the other Judges concurring herein, the same is affirmed.

Scott, J.

This case is different from those of Field & Cathcart vs. Matson, 8 Mo. Rep., 686, and others, involving the same principle. In the case above mentioned, the court below refused to relieve against the neglect of counsel, and this Court sustained its action. The action of the court be-

low was irremediable without the interposition of this Court, and there- fore its judgment was revised. But when an application is made to the discretion of the courts, and that application results only in a delay of the opposite party, the necessity for the interference of this Court is not seen. Many seemingly hard judgments of the inferior courts, made on application to their discretion, have been sustained by this Court, not be- cause they were entirely approved, but because, in matters of that kind, those courts are so much better qualified to judge of the propriety of the application than we are. When applications are addressed to the sound discretion of the Circuit Courts, and those courts grant the request, which results only in a delay, and does not make the opposite party rem- ediless, I am not disposed to interfere with the exercise of the discretion entrusted by law to those courts, in matters of that kind. The distinc- tion is this: if the court sets aside the default, the grievance is only de- lay to the opposite party; on the other hand, if the court refuse the ap- plication, the defendant would have been remediless. In the one case I can see the necessity of an interference by this Court, but not in the other.