JOHN O'FALLON, Respondent, v. GEORGE L. DAVIS, GARN., &c., Appellant.

38  269
46a 600

*Practice — Garnishment — Default.*—The denial to the answer of the garnishee was not filed within the time prescribed by the rule of court, but was afterwards filed, and a judgment by default taken against the garnishee; to set aside which judgment, a motion was made, supported by affidavits, of a good defence upon the merits, and that the garnishee had no notice of the filing of the denial out of time, which motion was overruled. The Supreme Court reversed the judgment and remanded the case, with leave for the garnishee to file his reply.

*Appeal from St. Louis Circuit Court.*

*C. D. Colman,* and *Davis, Evans & Davis,* for appellant.

*Wickham,* for respondent.

HOLMES, Judge, delivered the opinion of the court.

In this case, it appears that the denial of the plaintiff was not filed within the fifteen days allowed by the rule of court after the filing of the answer of the garnishee, and that some time afterwards, and only a few days before the cause was set for trial, the plaintiff had leave to file his denial, and it was filed without notice to the garnishee. The garnishee, by some negligence or oversight of his attorney, was not represented on the trial, and a default was taken against him for want of a reply, and the court proceeded to hear testimony in support of the new allegations of the denial, and made an order on the garnishee to deliver over to the sheriff the money in his hands found to be due to the defendant in the execution, and subsequently rendered a final judgment and awarded execution for the amount.

The garnishee filed his motion to set aside the judgment in due time, as it appears, for various reasons, and, among the rest, that he had no notice of the filing of the plaintiff's denial out of time, and that he had a good defence to the plaintiff's demand, supported by affidavits; and, a month or so after the final judgment, there was filed what is called

18—VOL. XXXVIII.

a motion for a review, which was overruled, and a bill of exceptions filed.

It does not appear that there was any rule of court as to giving notice to the other party, when a denial, or other pleading, is filed by leave of court out of time. We think there would be great propriety and justice in a rule requiring some notice in such cases. Strictly, parties are presumed to be in court, and to take notice of all the proceedings in the cause; but, practically, their attorneys can scarcely be expected to be present on every occasion like this, and some notice would seem to be reasonable in such cases. The motion to set aside the judgment by default was one addressed in some measure to the discretion of the court; that discretion may be reviewed here in proper cases. We are inclined to think the default ought to have been set aside, and an opportunity given to the garnishee to file his reply.

The motion for a review was properly overruled. A motion for a new trial could not be filed after four days had elapsed, and our attention is not called to any law allowing a motion for a review in such cases.

Judgment reversed, and remanded, with leave to the garnishee to file a reply.

Judge Wagner concurs; Judge Lovelace absent.