Rottmann v. Schmucker.

ROTTMANN, *Administrator, Appellant,* v. SCHMUCKER
*et al.*

1. **Probate Courts, Judgments and Orders of**: JURISDICTION.
Probate courts are courts of general original jurisdiction in all
matters pertaining to the administration of estates of deceased
persons, and their judgments and orders in such matters are
entitled to the same presumption of verity *as is* accorded *to those*
of courts of general jurisdiction proceeding according to the
course of the common law.

2. ———— : ————. Probate courts have unlimited power, during the
whole of the term, over their judgments, and may modify, vacate,
or set them aside, as justice demands. They only become absolute
upon the adjournment of court for that term.

3. ———— · CITY OF ST. LOUIS. The probate court of the city of St.
Louis has power to set aside its judgment by default, during the
term at which it was rendered.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Thos. A. Russell* and *E. P. Johnson* for appel-
lant.

The original judgment rendered by the probate court
against Schmucker, as surety on the bond of Lange,
was in strict accordance with the statutes and was a
valid judgment. R. S., sec. 49 ; *Wickham v. Page,* 49
Mo. 526 ; *Brown v. Weatherby,* 71 Mo. 152 ; *Morehouse
v. Ware,* 78 Mo. 100. The answer admits that this was
a judgment regularly obtained. The cause was triable
by a jury. R. S., sec. 3600. A court trying issues of
fact sits as a jury and gives a general verdict. *Wie-
landy v. Lemuel,* 47 Mo. 322. The finding of facts by a
court is regarded as a special verdict of a jury. *Barker
v. Scudder,* 56 Mo. 272 ; *Holdin v. Vaughn,* 64 Mo.

588. Setting aside the judgment and granting a new trial was in effect granting a new trial, which the probate court had no power to do. *Bartling v. Jameson*, 44 Mo. 141. Probate courts are inferior courts and courts of limited jurisdiction, and can exercise no power except what is specially conferred on them by law. *Renick v. St. Louis County*, 38 Mo. 403 ; *State ex rel. v. Laughlin*, 73 Mo. 443 ; R. S., sec. 1187. The remedy is by appeal. R. S., secs. 292, 299. Inferior courts and courts of limited jurisdiction have no power to grant new trials. *Bartling v. Jameson*, 44 Mo. 141 ; *Pitts v. Carr*, 61 Ga. 454 ; *King v. Mayor*, 3 Neville & Manning's Reports (Eng.) 877 ; *People v. Sessions*, 2 Cain's Cases, 219 ; *People v. Dalton*, 15 Wend. 581–584 ; *People v. Judges*, 2 Barb. 282 ; Hilliard on New Trials, sec. 2, p. 2 ; 2 Tidd's Practice [4 Am. Ed.] 905, and cases cited. " Where the proceedings of inferior courts, whose method of procedure is not in accordance with the course of the common law, are called in question, the jurisdiction being special and limited, they are confined strictly to the authority given." *Cunningham v. Railroad*, 61 Mo. 33–36 ; *Gibson v. Vaughn*, 61· Mo. 418–420 ; *State v. Metzger*, 26 Mo. 65 ; *Hansberg v. Railroad*, 43 Mo. 196–200 ; *St. Louis v. Tiefel*, 42 Mo. 578 ; *State ex rel. v. Laughlin*, 73 Mo. 443. Probate courts in their proceedings are not according to the course of the common law. *Smith v. Rice*, 11 Mass. 507 ; *Caldwell v. Lockridge*, 9 Mo. 362. The motion should have been made within four days. 2 Tidd's Practice [4 Ed.] 912.

*Kehr & Tittmann* for respondents.

The sole question in the case is, whether the probate court of the city of St. Louis has power to set aside its own judgment by default during the term at which it is rendered. The court may set aside, alter, or vacate

any judgment during the term at which it is rendered, for, during the term, all the proceedings are in the breast of the court. R. S., secs. 1023 and 1175 ; *Ashley v. Glasgow,* 7 Mo. 320; *Caldwell v. Lockridge,* 9 Mo. 363–4 ; *Price v. Johnson Co.,* 15 Mo. 433 ; *McCabe v. Lewis,* 76 Mo. 301 ; Freeman on Judgments, sec. 90 ; *Hill v. St. Louis,* 20 Mo. 586–7 ; *Harber v. Railroad,* 32 Mo. 425 ; *Downing v. Still's Adm'r,* 43 Mo. 309 ; *Randolph v. Sloan,* 58 Mo. 155.

BRACE, J.—The question in this case arises upon plaintiff's demurrer to the defence set up in the answer.

The petition alleges that, in 1873, John H. Lange was appointed administrator of the estate of H. H. Bohlmann, deceased, by the probate court of the city of St. Louis, and gave bond as such in the sum of five thousand dollars, with defendant, Bernard Schmucker, as his security. Lange's letters were revoked in 1878, and the plaintiff, Rottmann, was appointed administrator, *de bonis non,* who, thereafter, instituted proceedings and recovered judgment in said probate court against defendant, Schmucker, on said bond for five thousand dollars. "Which judgment," the petition declares, "is in full force." The petition then charges that in 1877 the defendant, Schmucker, made a voluntary conveyance of his property to one John G. Marstall, who subsequently conveyed the property to the defendant, Catharine Schmucker, in fraud of the claims of the estate of said Bohlmann, and the petition prays that said conveyances be set aside and the property be subjected to the payment of said probate court judgment.

The answer admits the allegations of the petition in regard to the administration of the Bohlmann estate, the giving of bond by defendant, and the recovery of a judgment in the probate court against Schmucker, but denies each and every other allegation of the petition. The answer then affirmatively alleges that, at the Sep-

tember term, 1883, of said probate court, to-wit : On the
fifteenth day of September, 1883, the plaintiff, as admin-
istrator *de bonis non* of the estate of said Bohlmann, in
a proceeding theretofore instituted by him jointly against
the said Lange as the principal and the said Schmucker
as surety on the bond recited in the plaintiff's petition,
recovered a joint judgment against said Lange for the
sum of $7,040.67, and, by default against said Schmucker
for the sum of five thousand dollars, and that the said
judgment is the only judgment that was ever rendered
in said court in plaintiff's favor and against said Lange
and the defendant, Schmucker, and is the judgment
referred to in plaintiff's petition ; that, thereafter, and
during said September term of said probate court,
to-wit : On the sixteenth day of October, 1883, the
defendant, Bernard Schmucker, filed his motion to set
aside and vacate said judgment; that plaintiff was
notified of the filing of said motion, and appeared to the
same, and that, thereafter, and at its said September
term, the probate court sustained said motion and set
aside and vacated said judgment.

The plaintiff demurred to the affirmative or new
matter contained in the answer upon grounds specifically
stated, which are in substance that the probate court had
no authority to set aside its judgment, and that the
motion to set aside the judgment was not filed within
four days after the rendition of the judgment. The
circuit court overruled the demurrer to the answer, and,
plaintiff declining to plead further, dismissed the plain-
tiff's bill and he appealed.

The only question in the case is, whether the probate
court of the city of St. Louis has power to set aside its
judgment by default during the term at which it was
rendered. No question arises upon this record as to
the power of the probate court to set aside the verdict of
a jury and grant a new trial, consequently the authorities
cited by counsel for appellant, from which the conclusion

is drawn that the probate court has not such power, are not in point, nor is the argument that, conceding the court has such power, that it must be exercised within four days after trial, pertinent to the issue to be determined. The plea shows a judgment by default. No jury was in fact called, no verdict returned, nor did the court try any issue in the case sitting as a jury. It is conceded that the judgment was rendered in a proceeding in the probate court under section 49, article 2, chapter 1, Revised Statutes, 1879, and is the ordinary proceeding in relation to the administration of estates in case of the removal of one administrator and the appointment of another, wherein·the court, upon final settlement with the former, ascertains the amount of money and assets in his hands, and orders the same to be turned over to his successor, rendering judgment in favor of such successor for the recovery thereof against such former administrator and his sureties after due notice. ·

The whole proceeding is regulated by article 2, *supra*, and the orders and judgments rendered under the provisions stand upon exactly the same footing as the other orders and judgments of the probate court, in the exercise of its ordinary jurisdiction in the administration of estates. No trial by jury is contemplated or provided for in the act, and none could have been called in the proceeding which resulted in the judgment against the defendant, which was set aside at the same term it was rendered. And, as before stated, the only question is, "had the probate court power to set aside such judgment during the term at which it was rendered?" The probate court is a court of record, holding regular terms at stated periods, with general original jurisdiction in all matters pertaining to the administration of estates of deceased persons. Its judgments and orders in such matters are entitled to the same presumption of verity as is accorded to those of courts of general jurisdiction, proceeding according to the course of the common law

(*Camden v. Plain*, 91 Mo. 117, and authorities cited), and if of the same dignity, it would seem that the court by which they are rendered ought in reason to be possessed of the same power over such orders and judgments as is conceded to courts of general jurisdiction, in order that such judgments may be surrounded by the same safeguards, and be maintained in such a state of approximate perfection as to be worthy to be measured by the same standard of excellence.

That a court of general jurisdiction, proceeding according to the course of the common law, has unlimited power during the whole of the term over its judgments rendered at such term is a rule of universal application. Freeman on Judg., sec. 90. Until the end of the term its judgments are in the breast of the court, and may be modified, vacated, or set aside, as justice demands, becoming absolute only upon the adjournment of the court for that term, and no good reason is perceived why the same rule should not apply to those judgments of the probate court, whose verity is as unquestionable after they become absolute as those of the circuit courts; that it should so apply, is easily deducible from the principles enunciated in the following authorities, where the question of the power of county and probate courts over their orders and judgments, during the term at which they were made or rendered, have been considered and discussed by this court: *Caldwell v. Lockridge*, 9 Mo. 358; *Price v. Johnson County*, 15 Mo. 433; *State ex rel. v. Treasurer Callaway County*, 43 Mo. 228; *Bartling v. Jameson*, 44 Mo. 141; *McCabe v. Lewis*, 76 Mo. 296.

The demurrer to the plea was properly overruled and the judgment of the circuit court is affirmed. All concur, except Ray, J., absent.