WILLIAM L. FANNON, Plaintiff in Error, v. B. F. PLUMMER et al., Defendants in Error.

St. Louis Court of Appeals, March 13, 1888.

1. COURT—ADJOURNED TERM. — When a court, being in session, is adjourned to a specified day prior to its next ensuing regular term, the sitting thus adjourned to is a continuation of the term adjourned from, and not a special or different term.

2. —— SETTING ASIDE JUDGMENT.—A court may vacate its own judgment during the same term, in the exercise of its general power, subject to review for contravention of some statute, or for an oppressive exercise of the power.

ERROR to the Ozark Circuit Court, HON. J. R. WOODSIDE, Judge.

*Affirmed.*

THOS. H. MUSICK, for the plaintiff in error: A default is regular where it is taken after defendant has failed to plead within such time as required by statute or the rules of court. Rev. Stat., sec. 3675. This default was taken on the third day of the second term.

Interlocutory and final judgments may be taken at the same term and this may be the first term where the petition containing the items of the account was served by copy. Acts 1883, p. 125, sec. 1, amending, Rev. Stat., sec. 3681. The cases in 31 Mo. 308, 33 Mo. 308, and 33 Mo. 312, holding the contrary were founded on section 10, chapter 128, Revised Statutes 1855, repealed. A motion for new trial or in arrest of judgment must be filed within four days and it makes no difference that the judgment was by default and that the court adjourned within the four days. Rev. Stat., sec. 3707; *Moran v. January*, 52 Mo. 523. A judgment may be set aside for irregularity on notice within three years. But there is no irregularity in this judgment. A default on service is as regular as a judgment on appearance and answer. A bill or motion for review does not lie where there is personal service as there was in this case. Acts 1883, p. 125, sec. 1; *Campbell v. Garten*, 29 Mo. 343; *Tennison v. Tennison*, 49 Mo. 110. A default cannot be set aside after final judgment. Rev. Stat., sec. 3676. Before a default will be set aside due diligence must be shown and an affidavit setting forth a meritorious defence filed. *Castlio v. Bishop*, 51 Mo. 162; *Adams v. Hickam*, 43 Mo. 168; *Lamb v. Nelson*, 34 Mo. 501.

JAMES L. DAVIS, for the defendants in error: This could not be considered a final judgment, but a judgment by default only, as this was the first term at which a trial could have been had. Plaintiff's remedy is not by writ of error, but he should have given notice and reinstated his case, or brought it anew. The sustaining of the motion to set aside the judgment in this case was addressed to, and rested in, the sound discretion of the court, and where the trial court exercises its discretion, and sets aside its judgment, the appellate court will not interfere with discretionary power, unless it appears from the record that that discretion has been flagrantly abused. *Griffin v. Veil*, 56 Mo. 310; *O'Fallon v. Davis*,

38 Mo. 269; *Tucker v. Ins. Co.*, 63 Mo. 588, and cases there cited. Irregular judgments may, for good cause shown, be set aside at any time within three years, on motion showing a meritorious defence, and verified by affidavit. *Showles v. Freeman*, 81 Mo. 540, and cases cited; *Downing v. Still*, 43 Mo. 309, and cases cited; *Branstetter v. Rives*, 34 Mo. 318.

THOMPSON, J., delivered the opinion of the court.

This action is brought in the circuit court of Douglas county, to recover a balance claimed to be due for services under a contract. The plaintiff took a change of venue to the circuit court of Ozark county, and, the cause being called for trial in that court, the plaintiff dismissed as to certain of the defendants not served with process, took a default as to the others, and the court heard evidence and rendered a final judgment. All this happened on the same day, before a special judge who had been elected by the bar to hold the court in consequence of the regular judge being absent. On the same day, it being the third day of the April term, and the sixteenth day of April, 1884, the special judge caused to be entered the following order: "Ordered that the court now adjourn until the second Monday in June, 1884." On the second Monday in June, the court met, the regular judge being present, and, on motion of the defendants, set aside the judgment so rendered and reinstated the cause. At a subsequent term it was dismissed for want of prosecution. The plaintiff prosecutes this writ of error, assigning for error the reinstating of the cause at the adjourned term.

We see no error in this. The plaintiff's whole argument proceeds on the premise that the adjourned term was a separate term from the term at which the default and final judgment were entered; but we are of opinion that it was merely a continuance of the same term.

The statute provides: "Special or adjourned sessions of any court may be held in pursuance of such proclamation or in continuation of the regular term,

when so ordered by the court, in term time, the order being entered in its records." Rev. Stat., sec. 1044. We see no reason why this so-called "adjourned term" should not be regarded as a continuation of the regular term. The circuit court of Ozark county meets on the third Mondays in April and October. Rev. Stat., sec. 1157. The date to which the special judge adjourned the term was within the period during which the regular term might have been continued by adjournments from day to day, or for any longer or shorter interval. The order of adjournment does not describe the time to which the adjournment was had, as a special term or even as an adjourned term. It was nothing more than an ordinary order of adjournment, such as might have been made according to the exigencies of the case, for any longer or shorter period of time prior to the commencement of the next regular term.

Much stress is laid in argument upon the fact that the order setting aside the judgment and reinstating the cause was not made upon a motion filed within four days. We have, after much consideration, declared the following rule as applicable to this question : " Where the trial court, during the term when a judgment is rendered, vacates it, its action in so doing must, in the absence of a showing to the contrary, be considered warranted by the exercise of its general power. Its action, however, is subject to review by the appellate court by *mandamus* or appeal, as the case may be. The party seeking such review must affirmatively show that the action of the trial court in thus vacating its judgment was either illegal because in contravention of some statute, or else that it should be set aside because oppressively exercised. If he fails to show one or the other, the action of the court must stand." *Nelson v. Ghiselin*, 17 Mo. App. 663, 665. Neither of these things is shown in the present case.

With the concurrence of Judge Rombauer, the judgment will be affirmed. It is so ordered.