JAMES CARR, Appellant, v. A. C. DAWES, Respondent.*

Kansas City Court of Appeals, October Term, 1891.

ON MOTION FOR REHEARING.

*Per Smith, P. J.:*

1. **Appellate Practice :** PROVINCE OF APPELLATE COURT : DISCRETION OF TRIAL COURT. In this state it is incontrovertibly established by decisions of all the appellate courts, that they are empowered, by virtue of their superintending control over inferior courts,

---

* For the original opinion in this case see page 351, *ante*.

Carr v. Dawes.

on appeal or writ of error, to review and interfere with the discretion of such inferior courts in setting aside their findings, verdicts and judgments, in those cases where it is affirmatively shown that their action was illegal, because in contravention of some statute, or when oppressively or abusively exercised, or when their discretion has been unjudicially exercised.

*Per Ellison, J.:*

2. ———— : ———— : ————. There are two kinds of discretion reposed in the trial courts of general jurisdiction, one is limited by rules or principles of law ; the other is absolute and exists where no fixed or certain rule of law can apply. The former is reviewable, the latter is not, and from the nature of the case cannot be.

3. ———— : ———— : SETTING ASIDE JUDGMENT BY DEFAULT : COMMON LAW : STATUTE. By common law the granting a new trial or setting aside a judgment by default rested in the absolute discretion of the trial court and was not reviewable, and, while the common law as to new trials has been superseded by statute, yet no statute seems to have touched the power and discretion over judgments by default.

4. ———— : ———— : SETTING ASIDE V. REFUSING TO SET ASIDE A JUDGMENT. There is a distinction between setting aside a judgment and refusing to set it aside. In the former case, the plaintiff is without remedy, in the latter, error will lie in behalf of the defendant.

MOTION OVERRULED.

SMITH, P. J.—The defendant on the hearing of the case contented himself by submitting quite a meager brief, but, in support of his motion for a rehearing, he has filed a very able and elaborate one. In view of this, I have made a second reconnoissance—re-examination—of the whole ground covered by his argument, and the result has been to rivet the convictions on my mind which had been previously formed and expressed in the opinion.

Without entering into an examination and consideration in detail of the authorities, it is sufficient to say that, whatever may have been decided elsewhere, in this state it is incontrovertibly established by the decisions

Carr v. Dawes.

of all the appellate courts, that they are empowered, by virtue of their superintending control over the inferior courts, on appeal or writ of error, to review and interfere with the discretion of such inferior courts in setting aside their findings, verdicts and judgments, in those cases where it is affirmatively shown that their action was illegal, because in contravention of some statute, or when oppressively or abusively exercised, or when their discretion has been unjudicially exercised. *State ex rel. v. Burrows*, 66 Mo. 227 ; *Gillstrap v. Felts*, 50 Mo. 428 ; *Laurent v. Millikin*, 10 Mo. 496 ; *O'Fallon v. Davis*, 38 Mo. 269 ; *Griffin v. Veil*, 56 Mo. 310 ; *Fretwell v. Leffron*, 77 Mo. 26 ; *Nelson v. Ghiselin*, 17 Mo. App. 663 ; *Fannon v. Plummer*, 30 Mo. App. 28 ; *Hanel v. Freund*, 17 Mo. App. 618 ; *Blanchard v. Wolf*, 6 Mo. App. 200 ; *Wight v. Railroad*, 20 Mo. App. 481; *Smith v. Wheeler*, 27 Mo. App. 16 ; *Bullock v. Cook*, 28 Mo. App. ~~610~~; *Tucker v. Ins. Co.*, 63 Mo. 588. While the cases in this state are quite uniform, to the effect " that until the end of the term its judgments are in the breast of the court and may be modified, vacated or set aside as justice demands, becoming absolute only upon the adjournment of the court for that term " ( *Rottmann v. Schmucker*, 94 Mo. 139 ; *Randolph v. Sloan*, 58 Mo. 155), but nowhere has it been expressly held that the discretion of the court, in modifying, vacating and setting aside its judgments, is not the subject of review by the appellate courts, on appeal or writ of error, upon the grounds already stated.

The power of the appellate courts to review the discretionary action of the inferior courts in matters of this kind, I think, is a part of their general and inherent power, which they are at liberty to exercise, subject to the limitations already referred to.

I think the motion should be overruled.

ELLISON, J.—I have not thought the authorities cited in the foregoing opinion bear upon the question which is here put to us.

I am not prepared to say that I fully understand the rule in this state as to the revisory power of an appellate court over the discretion of a circuit court in setting aside a judgment by default during the term at which it was rendered. In *Laurent v. Milliken*, 10 Mo. 495, Judge McBRIDE seems to assert that if a very strong case of abuse of discretion was made out, or an egregious error was shown, that the appellate court would interfere. But in *Rottmann v. Schmucker*, 94 Mo. 139, the court declares the power over such judgments is "*unlimited*," citing Freeman on Judgments, section 90, where the same expression is used, and where it is further stated, that there is *no remedy* for a plaintiff in case his judgment be set aside. Though if the court should *refuse* to set such judgment aside error will lie in behalf of the defendant. The distinction is obvious and was pointed out by SCOTT, J., in *Laurent v. Milliken, supra*. There may be said to be two kinds of discretion reposed in the trial courts of general jurisdiction, one is limited by rules or principles of law; the other is absolute and exists where no fixed or certain rule of law can apply. The former is reviewable by an appellate tribunal; the latter is not, and, from the nature of the case, cannot be.

There is no question as to how the matter stands at common law. By the common law the granting a new trial or setting aside a judgment by default rested in the absolute discretion of the trial court, and was not reviewable. *Harrison v. Clark*, 1 Scam. 131; *Garner v. Crenshaw*, 1 Scam. 143; *Gillett v. Stone*, 1 Scam. 539; *Sweeney v. Jarvis*, 6 Texas, 36; *Marine Ins. Co. v. Hogston*, 6 Cranch, 206; *White v. Church*, 5 Conn. 187.

The common law as to new trials has been superseded by statute, but no statute seems to have touched the power and discretion over judgments by default. Looking at the matter then as uncontrolled by the statute we find: "The law in respect to certain matters confides in the judge a discretion, which, from the

nature of the case, cannot be revised, and is subject to no other limit or control than his own moral sense of justice. Such is the power of granting continuances. If a continuance be improperly granted it cannot be corrected by a revising tribunal. Yet the injury may be as great as that of improperly granting a new trial." *Sweeney v. Jarvis*, 6 Texas, 40. Objection was made to the vacation of a decree in *Goddard v. Ordway*, 101 U. S. 751, and the court said of the motion to vacate that, "It was addressed entirely to the discretion of the court and depended on facts within the knowledge of the justices." *Cheany-Kee v. United States*, 3 Wallace, 320; *People v. Superior Court*, 5 Wend. 114. In the limited examination which I have found time to give the matter I have not found a case where the common-law rule has been questioned in the absence of a statute. There are cases where some confusing statements are made as to the revisory power of an appellate court, but all such seem to have been made in a way which suggests that the writer, without examination, assumed that he was asserting a correct proposition. In none of them is it apparent that there was any *intention* to controvert the common-law rule.

As before stated the distinction between setting aside a judgment by default and refusing to set it aside is apparent. If the judgment be set aside no harm results, as the law assumes that justice will yet be done between the parties, whereas, if the motion to set it aside is refused, the case is closed, and the party suffering should be allowed to complain in an appellate tribunal. There are instances, without number, where an appellate court has reviewed the discretion of the trial court in *refusing* a continuance, but I can recall no instance in which such appellate power was exercised where the continuance had been granted. There are some matters which transpire in a cause while before the trial court that from the very nature of the situation must necessarily be left wholly within the discretion of that court.