SAMUEL A. MARTIN, Respondent, v. ST. CHARLES TOBACCO COMPANY, Appellant.

53  655
83  288

St. Louis Court of Appeals, April 18, 1893.

1. **Practice, Trial:** VACATING JUDGMENT DURING TERM. The circuit court has power for good cause to vacate its judgment during the term at which it was rendered.

2. ———: ———. *Semble*, that when the claims in controversy consist of the cause of action sued on by the plaintiff and a counter-claim pleaded by the defendant, and the trial occurs in the absence of the plaintiff, the failure of the judgment to adjudicate the plaintiff's cause of action is ground for vacating the judgment on his motion during the term.

3. ———: ———. The plaintiff in this cause was a non-resident, and his counsel was called out of the state and was absent therefrom at the time set for the trial by reason of the dangerous illness of his wife and of his son. In his anxiety counsel omitted to ascertain the day of the trial, and notify the plaintiff of his absence. *Held*, that sufficient excuse was shown for the failure of the plaintiff to appear or to be represented by counsel at the trial.

*Appeal from the St. Charles Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

*T. F. McDearmon,* for appellant.

The circuit court in the exercise of a wise discretion may set aside or vacate interlocutory judgments or judgments by default upon merits and due diligence shown. Revised Statutes, 1889, secs. 2210, 2211, 2212. This discretion is, however, subject to review and control by the appellate courts, and, if such judgment has been set aside without a showing of due diligence or the discretion of the court has been unjustly, arbitrarily or oppressively exercised, the appellate courts will reverse for this reason. *Weimer v. Morris,* 7 Mo.

6; *Field v. Malson*, 8 Mo. 686; *Lamb v. Nelson*, 34 Mo. 501; *Sanders v. Ohlhausen*, 51 Mo. 162. The negligence of the attorney will not relax the rule. *Steigers v. Darby*, 8 Mo. 679; *Kirby v. Chadwell*, 10 Mo. 393; *Austin v. Nelson*, 11 Mo. 192; *Webster v. McMahon*, 13 Mo. 583; *Palmer v. Russell*, 34 Mo. 476; *Bosbyshell v. Summers*, 40 Mo. 172; *Nordmanser v. Hitchcock*, 40 Mo. 178; *Gehrke v. Jod*, 59 Mo. 522; *Mathis v. Town of Cameron*, 62 Mo. 504; *Tucker v. Ins. Co.*, 63 Mo. 588.

*Chas. B. Stark*, for respondent.

A court has power over its judgments during the term at which they are rendered and may, for good cause, vacate them. *Nelson v. Ghiselin*, 17 Mo. App. 663; *Murphy v. DeFrance*, 23 Mo. App. 337; *Fannon v. Plummer*, 30 Mo. App. 25; *Carr v. Dawes*, 46 Mo. App. 598; *Rottmann v. Schmucker*, 94 Mo. 139; Freeman on Judgments, secs. 69, 90. The appellate court will not reverse the judgment of the trial court in vacating a judgment at the same term at which it was rendered, unless it is made affirmatively to appear that the trial court abused its discretion in the matter. *Nelson v. Ghiselin*, 17 Mo. App. 663.

ROMBAUER, P. J.—The defendant is a manufacturer, and the plaintiff was at the dates hereinafter stated its traveling salesman. The plaintiff brought suit to the March term, 1891, of the St. Charles circuit court to recover from the defendant a balance alleged to be due to him for commissions. The defendant answered at the same term generally, denying the plaintiff's petition and setting up a counter-claim. At the September term of the court the case was called for trial, and, the plaintiff not appearing, the defendant submitted evidence on its counter-claim. The court thereupon

rendered judgment in favor of the defendant for the full amount of its counter-claim, without making any disposition in the judgment entry of the plaintiff's cause of action. At a subsequent day of the same term, but more than four days after the day of trial, the plaintiff appeared and moved the court to set aside the judgment. This motion was based on the ground, that the judgment entry was erroneous in making no disposition of plaintiff's cause of action, and because by accident the plaintiff was not represented at the trial. The affidavits accompanying the motion stated facts showing that the plaintiff's claim was meritorious, and that the defendant's counter-claim was without merit. They further stated that the plaintiff was a non-resident of the state; that he intrusted his cause to local counsel; that, during the latter part of August, the wife and the only son of such counsel became dangerously ill in the state of Tennessee, requiring his personal presence; that such counsel was in consequence thereof absent from this state until after the day of trial, and, in the great anxiety of his mind touching the health of his family, omitted to ascertain the day when said cause was set for trial, or to advise the plaintiff to employ other counsel. The trial court sustained the motion to set aside the judgment, on condition that the plaintiff pay the entire costs of the case of the September term. The defendant appeals and assigns this ruling for error.

The common-law power of courts to set aside their own judgments during the term when rendered has always been recognized in this state. Judge Scott in *Ashby v. Glasgow*, 7 Mo. 320, thus states the rule: "When a *final* judgment is rendered in a cause, and that judgment is erroneous, it may, during the term at which it was rendered, be set aside, for during the term all the proceedings are in the breast of the court, and

they may be altered or vacated. as justice requires.''
This has been the recognized rule in this state ever
since. *Field v. Matson*, 8 Mo. 686; *Harbor v. Railroad*,
32 Mo. 423; *Richmond's Adm'r v. Wardlaw*, 36 Mo.
313; *Downing v. Still, Adm'r*, 43 Mo. 309; *Rottmann v.
Schmucker*, 94 Mo. 139. A party who does not file his
motion for new trial within four days after trial loses
his right to have exceptions taken at the trial con-
sidered on appeal *(State v. Marshall*, 36 Mo. 400), but
that does not deprive the courts of their power to
vacate a judgment, improvidently entered or erroneous,
at any time during the term.

We have thoroughly examined this question and
stated the rule, as well as the limitation on the power
of the courts, in *Nelson v. Ghiselin*, 17 Mo. App. 663.
The rule thus stated has been re-affirmed repeatedly by
ourselves and the Kansas City Court of Appeals.
*Fannon v. Plummer*, 30 Mo. App. 25; *Carr v. Dawes*,
46 Mo. App. 598, 600. We see no reason to depart
from it.

In the case at bar the first judgment rendered was
erroneous. A judgment must dispose of all the issues,
and that judgment failed to dispose of the plaintiff's
cause of action. We would not have been warranted
in saying that the court had acted oppressively if it
had vacated the judgment for that cause alone. The
affidavits filed with the motion, while failing to show
due diligence, show an excuse for its want, which as
men we are bound to recognize. In *Judah v. Hogan*,
67 Mo. 252, a relief refused by the circuit court was
granted by the supreme court under somewhat similar
circumstances. The affidavits, therefore, furnished
additional ground for setting aside the judgment. Nor
do we see any abuse of judicial discretion in the court's
failure to impose all the costs in the case on the
plaintiff. It was only the costs of the September

term, which accrued additionally owing to plaintiff's failure to appear. Had defendant proceeded to trial at the September term after the judgment was vacated, all the costs of that term would have fallen on the plaintiff, regardless of the final issue of the trial.

The judgment is affirmed. Judge BIGGS concurs. Judge BOND, having been consulted as counsel, does not sit.