A. J. SINCLAIR et al., Appellants, v. NARRAGANSETT LEAD & ZINC COMPANY, Respondent.

Kansas City Court of Appeals, March 4, 1901.

1. **Appellate and Trial Practice:** JUDICIAL DISCRETION. In matters of discretion the trial court must have liberty of action or there could be no discretion, but such liberty does not mean license, and it is only when discretion is abused that the appellate tribunal interferes.

Sinclair v. Lead & Zinc Co.

2. ——— : ———. To constitute an abuse of discretion, the court's action must have been taken on grounds, or for reasons clearly untenable, or to an extent clearly unreasonable.

3. ——— : ——— : SETTING ASIDE JUDGMENT: BROADER LATITUDE. N (a non-resident corporation) and C with others were sued; C, with N's knowledge, assumed the defense employing an attorney for himself and N. Later on the attorney withdrew from the case without N's knowledge, and judgment went for plaintiff without appearance for defendant although an answer was in. As soon as N learned of the judgment it set about to protect its interest and at the same term of court filed a verified motion to set the judgment aside, which the trial court sustained. *Held*, a proper exercise of discretion by the trial court since the rule is that the latitude of discretion is broader when the act of the court holds the case open .than when it is final in its results.

Appeal from Jasper Circiut Court.—*Hon. J. D. Perkins,* Judge.

AFFIRMED.

*Currey & Roney* and *Stonewall Pritchett* for appellants.

(1) By discretion, when applied to the court, is meant sound discretion guided by law. Such discretion must be governed by rule, not by humor; it must not be arbitrary, vague, or fanciful, but legal and regular. 9 Am. and Eng. Ency. of Law (2 Ed.), p. 473; 6 Ency. P. & P. 819; Bouvier's Law Dic., title Discretion; Dooley v. Barker, 2 Mo. App. 328; Hennesy v. Carmandy, 50 N. J. Eq. 625; Platt v. Monroe, 34 Barb. (N. Y.) 293; Moon v. Welford, 84 Va. 34; Murray v. Buel, 74 Wis. 18; Loree v. Reever, 2 Mich. 154; Coleman v. Newby, 7 Kan. 92; Osborn v. Bank, 9 Wheaton 866 (Curtis Ed.), 282. (2) Judicial discretion never means the arbitrary will of the judge. 26 Wenn (N. Y.) 152; People v. Superior Ct., 10 Wend. 291; Judge v. People, 18 ·Wend. (N. Y.) 99. (3) The word discretion when applied to other officers does not mean the same as when applied to the

court. When applied to other officers, it implies the right to act according to their own conscience, and elect of their own will, between alternatives; but when applied to the court, the will of the court is to be guided by legal principles. Brow v. State, 109 Ala. 70. (4) By the Laws of 1891, an appeal lies from an order granting a new trial; this law is a legislative direction to the appellate courts to review the exercise of the discretion of the trial court in granting new trials. (5) The client is bound by the act, or neglect to act of his agent or attorney. (6) The Narragansett Mining Company appeared by its attorney, Forlow, and compelled the plaintiff to give security for costs, obtained a continuance, changed the venue, and thus enjoyed the fruits of its agent or attorney's actions, and thus charged itself with responsibility for what he had done, or neglected to do. Likewise, it ratified the act of Clark in employing Forlow, thereby authorizing Forlow to correspond with Clark as its representative, and is charged with what Clark did and what he failed to do. Harvesting Co. v. Frolkey, 54 Neb. 110; Bush v. Wilcox, 82 Mich. 336; Wheeler v. Augney, 144 Pa. St. 380; Skinner v. Dayton, 19 Johns. 513, 554; Menkens v. Watson, 27 Mo. 163.

*Galen & A. E. Spencer* for respondent.

(1) The circuit court had the power to set aside the judgment at any time during the term of rendition. The power of the court over the entire term at which they are rendered is one of its common-law powers, of which it can only be deprived by statutory enactment. Aull v. Trust Co., 149 Mo. 1; Orvis v. Elliott, 65 Mo. App. 96; Ashby v. Glasgow, 7 Mo. 320; Rottmann v. Schmucker, 94 Mo. 139; Stout v. Lewis, 11 Mo. 439. And the court can set aside its judgment on its own motion. Smith v. Perkins, 124 Mo. 50, 53. (2) And

unless it be affirmatively shown that the order is an oppressive exercise of discretion, the judgment will be affirmed. Nelson v. Ghiselin, 17 Mo. App. 663; Martin v. Tobacco Co., 53 Mo. App. 655; Fannon v. Plummer, 30 Mo. App. 25; Carr v. Davis, 46 Mo. App. 351, 357; Laurent v. Mullikin, 10 Mo. 496; Scott v. Smith, 133 Mo. 618, 623. (3) "Where the courts act affirmatively and grant relief against the act, omission, or neglect, this court will not interfere, and such relief operates merely as a delay at most, and that delay may as well be borne in the court below as in coming to this court for redress." Stout v. Lewis, 11 Mo. 439. (4) It is questionable whether Revised Statutes of Missouri 1899, section 806, was intended to permit an appeal in cases like the present. Carr v. Dawes, 46 Mo. App. 598, 600; Laurent v. Mullikin, 10 Mo. 496; Judah v. Hogan, 67 Mo. 252.

ELLISON, J.—The petition in this cause contained several counts. For the purposes of this appeal, it is sufficient to say that one of these counts prays judgment for $1,500 as purchase money on a contract of sale of an interest in a mining lease. The action was brought against this respondent, the Narragansett Lead & Zinc Co. (a non-resident corporation), W. H. A. Clark and others. The lead and zinc company denied any liability or connection with plaintiff's action. Clark seems to have assumed the defense of the case and employed an attorney for himself and the lead and zinc company, to defend, and so informed the president of the company, who was in the county at the time, though residing in Boston, Massachusetts. The attorney also informed him of his employment. The attorney appeared in court, caused the plaintiff to give security for costs, filed answers for defendants and consented to a change of venue to another place for holding court in the same county. During the time these

matters were transpiring, the attorney was insisting to Clark
that he should pay him a fee, or make some satisfactory ar-
rangement about it. Clark failed to do so, and finally, on
April 11, 1900, the attorney withdrew from the case. It was
then, on April 19, called for trial, the defendants not appear-
ing thereat.

On hearing evidence, judgment was rendered for $1,500
against this defendant company alone. The defendant com-
pany knew nothing of these things and first learned of the
judgment through the newspapers, when the president imme-
diately set about to protect the interest of defendant. He
came out to Jasper county and then learned of what had taken
place. The term of court at which the judgment was ren-
dered had not yet been adjourned and he caused to be filed a
motion, setting up the foregoing facts and verified by affidavit,
praying that the judgment be set aside. After a hearing of
evidence on the motion, both parties taking part therein, it
was sustained by the trial court, and plaintiffs appealed.

It is conceded by plaintiffs that the motion of the lead
and zinc company to set aside the judgment rendered against
it, as above stated, is addressed to the discretion of the trial
court. But it is insisted that such discretion has been abused
in this instance. In the argument for plaintiffs it was said
that the discretion meant by the law as being reposed in a trial
court was a judicial discretion. That caprice or the changing
humor of the judge could not be substituted for discretion.
We agree with counsel in that statement. When an appellate
tribunal exercises revisory power over the discretion of a trial
court it must necessarily recognize some liberty of action,
within the bounds of reason, by the trial court. Otherwise,
there would be no difference in the rulings of trial courts in
maters conceded to be within their discretion and maters de-
pending upon fixed rules and defined principles of law. In other

words, the phrase, "in the court's discretion," would have no meaning. There would be no discretion. In matters of discretion, the trial court, as has been just stated, must have liberty of action, but liberty here, as when used in other connections, does not mean license. Therefore, the court must not abuse the discretion which the law grants it. If it does, then, and then only, has the appellate tribunal authority to set aside the action taken. Now, what is abuse of discretion?

"Judicial discretion is a phrase of great latitude; but it never means the arbitrary will of the judge." Tripp v. Cook, 26 Wend. 143, 152. To act from the promptings of *arbitrary will* is to be governed by mere whim and without reason, and the act is an abuse of discretion. So if a judge, in passing on matters in his discretion, does that which is clearly unreasonable, he has committed an abuse of discretion. It has, therefore, been ruled that to make out an abuse of discretion the action must have been taken "on grounds, or for reasons clearly untenable, or to an extent clearly unreasonable." Murray v. Buel, 74 Wis. 14.

Did the court go beyond reason in this case? It certainly did not. Here was a party defendant who, after being summoned, saw that an attorney was employed to defend the action. This party and its managing officer lived in another State. It was not expected or contemplated that the attorney would withdraw from the case. No notice or warning was given to this defendant, and as soon as the president received information of what had happened, he became diligent to have the matter set right if it could be done. Instead of being an abuse, it was an exercise of discretion we consider highly proper. Even if it had been a closer question than it is, we would still have borne in mind that the latitude of discretion is indulged to a broader degree when the act of the court

Vol 87 app—18

results in holding the case open, so that justice will yet be had, than where such action is final in its result. Stout v. Lewis, 11 Mo. 438; Lansent v. Mullikin, 10 Mo. 495; Longdon v. Kelly, 51 Mo. App. 572; Ensor v. Smith, 57 Mo. App. 584.

We have no hesitation in affirming the judgment. All concur.