WILLIAM W. FRANCIS, JR., J.
Calvin M. Rose ("Rose")[1] appeals his conviction for receiving stolen property, pursuant to section 570.080. On appeal, Rose contends the trial court abused its discretion in overruling defense counsel's objection to the owner's testimony regarding the value of the cattle taken, in that the testimony was hearsay offered for the truth of the matter asserted and did not fit any of the exceptions to the general rule against hearsay. Finding no merit to this contention, we affirm.
Factual and Procedural History
Rose does not challenge the sufficiency of the evidence to support his conviction. We recite only those facts relevant to the legal issue raised by Rose, and as necessary for context.
In August 2015, Rose tried to steal two cows and a calf from the farm of an 88-year-old man ("Victim") in Morrisville. Victim called the police. Rose, admitting to hearing of Victim's report of theft, returned the cattle to Victim. Rose asked Victim where he should unload the cattle. Victim said, "[w]here you loaded them up." Then Rose unloaded the cattle from where he initially took them.
Rose was charged, by amended information, with the class C felony of receiving stolen property with a value of at least $500, pursuant to section 570.080,[2] as a prior and persistent offender.
A jury trial commenced on February 23, 2017. The prosecutor adduced the following testimony from Victim:
[State]: Do you have an opinion as to the value of the cattle that were taken-
[Victim]: Oh, yes.
[State]: -on the 26th of August?
[Victim]: Yes. Well, if I'd have bought them on the market, the cow and calf-there was a cow and calf together-they would have brought around $3,000 I'd have had to pay for them. And the other cow on the market would have brought about $1,000.
During cross-examination, the following colloquy occurred:
[Defense Counsel]: Okay. Now, you stated a little bit ago that these cattle were worth somewhere in the neighborhood of over $4,000, right?
[Victim]: Well, let's see, [$]3,000-yes, $4,000. Right. Uh-huh.
....
[Defense Counsel]: Okay. Now, were you in the business of buying and selling cattle?
*430 [Victim]: Oh, I've never-No, I just raise them from calves.
....
[Defense Counsel]: So you stated a minute ago that if you were going to buy these-
....
[Victim]: No, I-I was wanting to buy some more and I was watching the market. And that's the only thing I know about it. But I've heard that what cattle was worth at that time.
[Defense Counsel]: Okay. And where did you hear that from?
[Victim]: Oh, over television and paperwork, at, oh, like Kelly Crain at Springfield Livestock Commission.
[Defense Counsel]: Okay. So you don't personally know what cattle is worth, you just know what you've heard?
[Victim]: Well, would they lie to me?
[Defense Counsel]: Well, I just asked.
[Victim]: No.
[Defense Counsel]: Do you personally or do you know what you've heard?
[Victim]: Well, I don't know personally. All I know is what they told me.
Defense counsel then approached the bench. He objected to Victim's testimony, on the basis that "[a]t this point, we've been told he has no personal knowledge of this. It's what he's heard from other sources. That is hearsay. That is the essence of hearsay." The prosecutor argued that Victim was competent to testify as to the value of his cattle because he is the owner, and that the sources and quality of Victim's information as to the value went to the weight of the evidence, and was properly for the jury to decide. After hearing extensive argument from the parties, and allowing a recess for counsel to research the issue, the trial court overruled defense counsel's objection, showing it to be an "ongoing, continuing objection."
The jury returned a guilty verdict. Rose filed a motion for new trial, which the trial court denied. On May 15, 2017, the trial court entered its judgment, convicting Rose of the class C felony of receiving stolen property, pursuant to section 570.080. This appeal followed.
In one point on appeal, Rose asserts the trial court abused its discretion in overruling his objection and admitting testimony from Victim regarding the value of his stolen cows in that the testimony was hearsay offered for the truth of the matter asserted and did not fit any of the exceptions to the general rule against hearsay.
Standard of Review
Rose challenges that the trial court abused its discretion in admitting Victim's testimony as to the value of his cattle.
"We review trial court decisions regarding the admission or exclusion of evidence for abuse of discretion." State v. Cross , 421 S.W.3d 515, 518 (Mo. App. S.D. 2013). Abuse of discretion refers to the "propriety" of a trial court's ruling-the attendant prejudice (if any) is a separate and independent consideration.[3] We test the trial court's application of the law to the "factual underpinnings" of its ruling, giving deference to the trial court's explicit and implicit credibility determinations.
*431 State v. Taylor , 298 S.W.3d 482, 492 & n.4 (Mo. banc 2009). We discern the "factual underpinnings" from the record at the time of the challenged ruling. See State v. Davis , 348 S.W.3d 768, 770 (Mo. banc 2011) ; Nelson v. Waxman , 9 S.W.3d 601, 608 (Mo. banc 2000).[4] These factual underpinning findings frame the reviewing court's de novo review of the underlying legal question in the evidentiary challenge. Taylor , 298 S.W.3d at 492 n.4 ; see also State v. Rinehart , 543 S.W.3d 640, 644-45 & n.8, 2018 WL 446194, at *4 & n.8 (Mo. App. S.D. Jan. 17, 2018).
The trial court is presumed to know and apply the law-however, this does not mean that de novo review of the evidentiary legal question subsumes our entire evaluation. The abuse-of-discretion standard accounts for the fact that the trial court must make numerous, and usually on-the-spot evidentiary rulings in any given trial, and is vested with the discretion to do so. Thus, "if reasonable persons may differ as to the propriety of an action taken by the trial court, then it cannot be held that the trial court has abused its discretion." State ex rel. Wyeth v. Grady , 262 S.W.3d 216, 219 (Mo. banc 2008). However, the trial court is said to abuse that discretion when its ruling is "clearly against the logic of the circumstances and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration."[5] Id.
To succeed on appeal, an appellant must also show that the trial court's abuse of discretion was "so prejudicial that it deprived the defendant of a fair trial." State v. Culpepper , 505 S.W.3d 819, 828 (Mo. App. S.D. 2016) (internal quotations and citations omitted). "Trial court error is not prejudicial unless there is a reasonable probability that the trial court's error affected the outcome of the trial." Id. (internal quotations and citation omitted). We evaluate prejudice based on the whole record. State v. Olten , 428 S.W.3d 784, 788 (Mo. App. S.D. 2014).
Analysis
Rose argues that the trial court abused its discretion in admitting testimony from Victim regarding the value of the cattle Rose took from him. Rose suggests the testimony's admission was error because it was inadmissible hearsay. He indicates that it was prejudicial because it was *432 the only evidence that "the value of the cattle was over $500," and this "was one element that the state was required to prove in order for [Rose] to be convicted as charged" pursuant to section 570.080.4(1).
"A person commits the crime of receiving stolen property if for the purpose of depriving the owner of a lawful interest therein, he or she receives, retains or disposes of property of another knowing that it has been stolen, or believing that it has been stolen." § 570.080.1. Receiving stolen property is a class C felony if "[t]he value of the property or services appropriated is five hundred dollars or more but less than twenty-five thousand dollars[.]" § 570.080.4(1).
"Value" is defined as
the market value of the property at the time and place of the crime, or if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the crime.
§ 570.020(1), RSMo Cum.Supp. 2002.
Rose argues that Victim's testimony as to the value of his cattle was inadmissible hearsay. In support, Rose argues:
[Victim]'s testimony regarding the value of the stolen cattle, was, by [Victim]'s own admission, an out-of-court statement. [Victim] testified that he is not in the business of buying and selling cattle, that he doesn't personally know what the cows were worth, and that his testimony regarding the value was based on what he had heard on television and through 'paperwork.' Because neither the unnamed declarants on television nor the unnamed authors of the paperwork [Victim] referred to testified, their statements, testified to by [Victim], were out of court statements.
We reject this argument because Victim's testimony was admissible:
The owner of stolen property need not be experienced in valuating such property in order to express an opinion. And an owner's opinion can be substantial evidence of an item's worth. Because the trial court is in a superior position to assess the probative value and competency of opinion evidence, it enjoys considerable discretion in admitting such evidence.
State v. Reilly , 674 S.W.2d 530, 533 (Mo. banc 1984) (internal citations omitted).
We take note of Rose's closing argument, wherein defense counsel stated:
The final prong of that is you have to find that these-collectively, that these cattle were worth more than $500. Now, yesterday you heard [Victim] testify as to what he heard on television and from a third party these cattle would be worth. But he told you he doesn't-he doesn't do buying and selling of cattle, that he buys them as calves and raises them up. And then he gave you a number. And you have to decide whether that number is reasonable, whether you believe he has the credentials to give that number.
He told you he doesn't buy and sell cattle. He told you he heard it on television and he heard it from some third party, that that's how he got to that number. Is that a reasonable estimation of value? That's up to you, again, who you believe, who you don't believe.
We discern this to be a rational and appropriate argument-but, one properly for the jury to decide. The trial court did not abuse its discretion in admitting Victim's testimony as to the value of his cattle. Point denied. The judgment of the trial court is affirmed.
*433 JEFFREY W. BATES, J.-Concurs
DANIEL E. SCOTT, J.-Concurs

Appellant Calvin M. Rose is referred to as "Mike" throughout the record. For purposes of this appeal, we refer to him by his last name-"Rose."

All references to section 570.080 are to RSMo Cum.Supp. 2011. This section has since been repealed and replaced.

See State ex rel. Wyeth v. Grady , 262 S.W.3d 216, 219 (Mo. banc 2008) ("The trial court abuses its discretion when its ruling is clearly against the logic of the circumstances and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. Further, if reasonable persons may differ as to the propriety of an action taken by the trial court , then it cannot be held that the trial court has abused its discretion.") (emphasis added). "Propriety" refers to "the quality or state of being proper or fitting." Webster's Third International Dictionary 1819 (1976).

See also , State v. Clemons , 946 S.W.2d 206, 218 (Mo. banc 1997) (In reviewing a trial court's evidentiary ruling, the reviewing court "consider[s] all evidence and reasonable inferences in the light most favorable to the trial court's ruling.").

Neither this distinction, nor the inherent rationale on which it rests, are recent innovations. As was well expressed in Sinclair v. Narragansett Lead & Zinc Co. , 87 Mo. App. 268, 272-73 (1901) :
When an appellate tribunal exercises revisory power over the discretion of a trial court it must necessarily recognize some liberty of action, within the bounds of reason, by the trial court. Otherwise, there would be no difference in the rulings of trial courts in maters [sic] conceded to be within their discretion and maters [sic] depending upon fixed rules and defined principles of law. The phrase, 'in the court's discretion,' would have no meaning.
....
Judicial discretion is a phrase of great latitude; but it never means the arbitrary will of the judge. To act from the promptings of arbitrary will is to be governed by mere whim and without reason, and the act is an abuse of discretion. So if a judge, in passing on matters in his discretion, does that which is clearly unreasonable, he has committed an abuse of discretion. It has, therefore, been ruled that to make out an abuse of discretion the action must have been taken on grounds, or for reasons clearly untenable, or to an extent clearly unreasonable.
Id. (internal quotation and citation omitted).